| 52 | 81 |
|----|----|
| 162 | 529 |

| 52 | 81 |
|----|----|
| 59a | 489 |

## Chicago & Rock Island Railroad Co.

*v.*

## Thomas Fahey.

1. Railroads—*must carry the baggage of passengers.* The price paid for a passenger ticket upon a railroad includes the carrying of his baggage, and the recognition by the road over which the passenger is entitled to travel, of the validity of the ticket, is an admission that the check given for the baggage is equally binding.

2. Same—*where the line of transit is over the roads of different companies—liability of each for loss of baggage.* Where a passenger ticket entitles the holder to travel over different lines of road to his place of destination, and to which his baggage is checked, all of them recognizing the validity of the ticket when presented by the passenger, each company to whose possession the baggage may come will be liable to the owner for its loss while in the possession of such company.

3. Same—*of whom tickets may be purchased.* Where a passenger seeks to hold one of several roads in his line of transit, liable for the loss of his baggage, the recognition of his ticket purchased at the beginning of his trip, by the conductor of such road, is, in effect, an admission that it was issued by some person having competent authority to bind the company, and in such case it is immaterial whether the ticket was issued by a special agent of the company sought to be held liable, or by the ticket agent of some other company.

6—52nd Ill.

APPEAL from the Circuit Court of Peoria county; SAMUEL CALDWELL, Esq., acting Judge, by agreement of parties.

The opinion states the case.

Messrs. INGERSOLL & McCUNE and Mr. SABIN D. PUTERBAUGH, for the appellants.

Mr. W. W. O'BRIEN and Mr. H. W. WELLS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought before a justice of the peace of Peoria county, to recover for the loss of a carpet sack and its contents, claimed to have been lost by appellants. A trial was had before the justice, which resulted in a verdict and judgment against the company for $70 and costs. The case was removed by appeal to the circuit court, where there was another trial, and the jury found a verdict for $68.90 against appellants. A motion for a new trial was entered, but was overruled by the court, and judgment entered on the verdict. The record is brought to this court, and a reversal is asked, because the court gave appellee's first instruction, and for overruling the motion for a new trial.

The instruction informed the jury that if appellee purchased a ticket for passage from New York to Peoria, and his baggage was so checked, and that the ticket entitled him to travel over appellants' road as a part of the line from the former to the latter place; and that appellants transported appellee and a part of his baggage over their road on his ticket and checks, and that a part of appellee's baggage so checked was lost, or was not delivered to him, then appellee had the right to recover for such loss against the part of the line upon which the loss occurred. Had it not been for this last qualification, this instruction might have been erroneous, but taken altogether, it appears to be unobjectionable. In case a ticket is given to

a person for a passage over several roads, and it is recognized as valid by the several roads when presented, there can be no doubt that either of them must be liable for injury sustained by the passenger through the negligence of such road. And the same is manifestly true in reference to the loss of baggage checked on such a ticket. The uniform usage is, that upon the purchase of a ticket, the price paid includes the undertaking, on the part of the roads over which the ticket entitles the holder thereof to travel, to also carry his baggage, if not exceeding a limited weight. And the recognition of the validity of the ticket is an admission that the check given for the baggage is equally binding.

When the ticket was presented, and recognized as good by the conductor, it was, in effect, an admission that it had been issued by an agent or other person having competent authority to bind the road, and it matters not whether the ticket issued in New York was by a person who had been appointed a special agent of appellants, or by the ticket agent of another road, as by treating it as binding, they recognized the authority of the person who issued it, and the check for the baggage. And if the baggage came into their possession and they lost it, every principle of reason and justice requires that the company should pay for it, as such a neglect of duty should render, and ever has rendered, railroad corporations liable. And this instruction announces this rule. It told the jury that if either company over whose road the baggage was checked had lost it, then that company was liable, and left the jury to determine whether it was lost by appellants.

It is urged that the evidence fails to show that the baggage was lost by appellants. It appears from the evidence that when passengers arrive in Chicago on the Michigan Central, upon which appellee came, and their baggage is checked over appellants' road, it is delivered to an omnibus line, which receipts for it, and it is then taken to the depot of appellants in Chicago, and then sent forward. In this case, the freight agent says there is no entry of appellee's baggage on their

books. He also says, that if the baggage arrived in the morning, it might lie over until evening before going forward, and in such an event it would lie in the baggage room, and although persons were employed to guard it, still it might be stolen. And we think there is not evidence to warrant the conclusion that the lost baggage ever came to the hands of the employés of appellants' road. It appears that his other baggage, checked at the same time, came through, but that affords no more evidence that it was lost by appellants than by either of the other roads over which it was checked. There is nothing in the evidence to show that appellants' agents were more negligent of their duty than those of other lines over which it was checked.

So far as we can see, either of the other transfer agencies between Chicago and New York was as liable to lose the baggage as this company. There is no evidence tending to show that it ever left New York, or to trace it into the possession of appellants. The giving of the check by the baggage master at the depot of the Harlem road proved that it went into its possession, but nowise tended to prove that it had come into the possession of appellants. In the absence of such proof, the jury were not warranted in finding that appellants had received and lost this baggage, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*