## TEXAS AND PACIFIC RAILROAD vs. JAMES A. FORT.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Railroad companies—Loss of baggage—Liability for.*—Suit was instituted against the Texas and Pacific Railway for baggage lost at some unknown point between Memphis and Dallas, through checks for said baggage being delivered to plaintiff at Memphis by an agent of the Memphis and Little Rock Railroad, over three uniting lines, including the Texas and Pacific Railway.

*Held*, That the check delivered at Memphis was the check of appellant railroad, as well as of the other companies; that the contract was appellant's contract, and it was bound by it.

Rule in 1 Woods' C. C. Rep., 184, cited and adopted: When several carriers unite to complete a line of transportation, and receive goods for freight and give a through bill of lading, each carrier is the agent of all the others to accomplish the carriage and delivery of the goods, and is liable for any damage to them, on whatever part of the line the damage is received.

This suit was filed in the County Court of Dallas county, October 17, 1881, by appellee to recover of appellant the value of a trunk and its contents alleged to have been lost by appellant.

The petition alleged, in substance, that appellant was an incorporated company, and a common carrier of passengers, baggage, etc., on its line; that on December 20, 1880, appellee bought of appellant's agent, at Memphis, Tenn., through tickets, for himself and family, to Dallas, Texas, and at same time delivered his baggage to said agent to be checked and transported to Dallas; that said agent so checked the baggage, and appellee and his family came through on said tickets over defendant's line, and reached Dallas about December 26, 1880, and then, and repeatedly thereafter, called on defendant's agent there for his baggage, but failed to get one of his trunks and contents, so shipped; the trunk contained the property of plaintiff's wife and clothing of their minor children, viz: (then follows a list of the articles); that said trunk and contents were lost or stolen while in defendant's possession, to plaintiff's damage three hundred dollars, etc.

Defendant plead general denial.

The case was tried without a jury, and the court requested to find its conclusions of fact separately.

The court filed its conclusions of fact, and on these gave judgment for plaintiff.

Defendant's motion for new trial being denied, it gave notice of appeal.

Appeal bond filed December 29, 1881.

Assignments of error filed same day.

The court's conclusions, in substance, were, that plaintiff bought coupon tickets for himself and family, about December 22, 1880, at Hopkinskille, Kentucky, to Dallas, Texas, with which they came to Dallas via Memphis, Tennessee; that, at Memphis, the agent of the Memphis and Little Rock Railroad checked for plaintiff seven trunks to Dallas, said checks being stamped thus: Memphis—Dallas, Texas, via M. & L. R., C. & F., T. & P., which indicated the different railways over which the baggage would come, the letters T. & P. indicating defendant's railway; that plaintiff, at defendant's depot at Texarkana, defendant's eastern terminus, demanded of defendant's baggage master to see his baggage; that said master refused, saying it was his own business to see after the baggage, the railroad company being responsible therefor; plaintiff never saw his baggage after leaving Memphis until he reached Dallas, and, on arriving there, he received six trunks; that the seventh trunk was never delivered to him; that plaintiff and family were immigrants; that the contents of said trunk were of the value claimed; and " the court finds, under the above facts, that the law is with plaintiff, and that he is entitled to a judgment for the value of said baggage, with damages thereon at eight per cent per annum from January 1, 1881, the value herein as charged in plaintiff's petition, towit, two hundred and ten dollars, and in addition thereto, eight per cent, as damages, from January 1, 1881."

Appeal from Dallas county.—Opinion by Delaney, J.—Although there are several assignments of error, there is but question in the record, and that is whether appellant is responsible for the value of the baggage lost at some place, not ascertained, between Memphis and Dallas.

No question is made as to the authority of the agent at Memphis to check the baggage through to Dallas on the roads of the several companies.

The delivery of the checks constituted a contract, and that contract must have imposed upon one or all these companies certain duties and liabilities in the premises; and the matter for us to determine is the character of that contract, and of the duties which it imposed.

Counsel for appellant present their view of the whole case in a single proposition, as follows: "When a person purchases a through ticket over several railroads, and procures a corresponding check for his baggage, and the baggage is afterwards lost, the company on whose road it is lost is responsible therefor; but, the evidence must show that it came to the hands of the company charged with the loss, and that it was lost by it."

If this proposition be correct, the delivery at Memphis of the check for the trunk which was afterwards lost constituted three distinct contracts, each one of which was unlike the other two. The contract between appellee and the first company was an unconditional agreement that the company should carry the trunk to Little Rock, or to the end of its line. The contract with the second company was conditional. That company agreed to convey the trunk, if delivered to it by the first. The third contract, that between appellee and appellant, had two conditions. There are two provisos between it and responsibility: that it would be responsible, provided the first company delivered the trunk to the second, and the second to the third. As the number of the connecting lines increases, the responsibility diminishes, and with the diminshed responsibility, it is natural that there should be a dimininution of the care, and attention necessary to the safe transportation of baggage. There was nothing conditional about the payment of the fare; that was made certain by being exacted in advance.

While we cannot assent to the proposition of appellant's counsel, we admit that it is sustained by high authority. (See Thompson on Carriers of Passengers, p. 434; 61 New York, 538; 52 Ill., 81.) Other authorities, however, equally eminent, take the opposite view. In the case of McCormick vs. The Hudson River Railway, 4 E. D. Smith, p. 181, a case almost exactly like the present, the last company was held responsible for the loss of a trunk, for which it had given its check at Buffalo long before the trunk reached its road. And there was no proof that the trunk ever came to the hands of the company, except that at Buffalo plaintiff received the company's check for the trunk and other baggage, and the additional fact

that the company delivered the other baggage, but failed to deliver the trunk. The court considered this sufficient proof that the company had received the trunk. (See also Hart vs. Railway Co., 4 Selden, 37.) In our opinion, the check which was delivered to appellee at Memphis was the check of appellant as well as of the other companies. The contract was appellant's contract, and it was bound by it.

To establish any other rule would, in our opinion, amount to a denial of all remedy in the great majority of cases.

In the case of Harp vs. The Grand Era (1 Woods' C. C. Rep., 184), the rule is laid down that when several carriers unite to complete a line of transportation, and receive goods for freight and give a through bill of lading, each carrier is the agent of all the others to accomplish the carriage and delivery of the goods, and is liable for any damage to them, on whatever part of the line the damage is received.

Our opinion is that the judgment should be affirmed.