TEX. & PAC. R. R. CO. v. JAS. A. FORT.

(No. 2262, Op. Book No. 2, p. 607.)

APPEAL from Dallas County.    Opinion by DELANEY, J.

§ 1252. *Railroad companies; liability of connecting lines of, for baggage of passenger.* Appellee bought of appellant's agent, at Memphis, Tennessee, through tickets for himself and family to Dallas, Texas. At Memphis, Tenn., appellant's agent delivered to appellee seven checks for seven trunks belonging to appellee, to be transported as his baggage to Dallas, Texas. The checks were stamped, "Memphis — Dallas, Tex.; via M. & L. R., C. & F., T. & P.," which indicated the different railways over which the baggage would be conveyed, the letters T. & P. indicating defendant's railroad. Six only of the trunks were delivered to appellee at Dallas. This suit was to recover the value of the missing trunk and its contents, and the judgment was for the plaintiff, for the amount sued for. *Held:* No question is made as to the authority of the agent at Memphis to check the baggage through to Dallas, on the roads of the several companies. The delivery of these checks constituted a contract, and that contract must have imposed upon one or all of these companies certain duties and liabilities,

and the matter for us to determine is the character of that contract, and of the duties which it imposed. Counsel for appellant present their view of the whole case in a single proposition, as follows: "When a person purchases a through ticket on several railroads, and procures a corresponding check for his baggage, and the baggage is afterwards lost, the company on whose road it is lost is responsible therefor, but the evidence must show that it came to the hands of the company charged with the loss, and that it was lost by it." If this proposition be correct, the delivery at Memphis of the check for the trunk, which was afterwards lost, constituted three distinct contracts, each one of which was unlike the other two. The contract between appellee and the first company was an unconditional agreement that the company should carry the trunk to Little Rock, or the end of its line. The contract with the second company was conditional. That company agreed to carry the trunk, if delivered to it by the first. The third contract, that between appellee and appellant, had two conditions. There are two provisos between it and responsibility; that it would be responsible, provided the first company delivered the trunk to the second, and the second to the third. As the number of connecting lines increases, the responsibility diminishes; and with the diminished responsibility it is natural that there should be a diminution of the care and attention necessary to the safe transportation of baggage. There was nothing conditional about the payment of the fare; that was made certain by being exacted in advance. While we cannot assent to the proposition of appellant's counsel, we admit that it is sustained by high authority. [Thompson on Carriers of Passengers, p. 434; 61 N. Y. 538; 52 Ill. 81.] Other authorities, however, equally eminent, take the opposite view. In the case of McCormick v. Hudson River Railway, 4 E. D. Smith, 181, a case almost exactly like the present, the last company was held responsible for the loss of a trunk, for which it had given its check at Buffalo long before the trunk had

reached its road, and there was no proof that the trunk ever came to the hands of the company, except that at Buffalo plaintiff received the company's check for the trunk and other baggage, and the additional fact that the company delivered the other baggage, but failed to deliver the trunk. The court considered this sufficient proof that the company had received the trunk. [See, also, Hart v. Railway Co. 4 Selden, 37.] In our opinion, the check which was delivered to appellee at Memphis ·was the check of appellant as well as of the other companies. The contract was appellant's contract, and it was bound by it. To establish any other rule would, in our opinion, amount to a denial of all remedy in the great majority of cases. In the case of Harp v. Great Era, 1 Woods' C. C. R. 184, the rule is laid down that when several carriers unite to complete a line of transportation, and receive goods for freight, and give a through bill of lading, each carrier is the agent of all the others to accomplish the carriage and delivery of the goods, and is liable for any damage to them, on whatever part of their line the damage is received.

June 7, 1882.	Affirmed.