### E. AND J. WEGNER v. THE STATE.

*Nos. 2883 and 2884.   Decided March 5.   Rehearing refused March 21.*

1. **Scire Facias.**—Bail bonds in these cases required the principal to appear before the Criminal District Court of Galveston County on the "first Monday in November, 188." *Held*, fatally defective, because it obligates the principal to appear at a time when a legal term of the court could not be held.

2. **Same—Alteration.**—After the bonds were executed, the sheriff, without the knowledge or consent of the sureties, added the figure "9" after the figures "188," making the year of appearance "1889" instead of "188," as originally written. *Held*, that the unauthorized addition of the said figure by the sheriff vitiated the bond.

#### ON MOTION FOR REHEARING.

3. **Same—Cases Obsolete.**—Prior to the adoption of the codes a bail bond was sufficient if it obligated the principal to appear at the —— court of the proper county at the next term thereof. Such, however, is not now the law, and the cases of Brite v. The State, 24 Texas, 219, and Wilcox v. The State, Id., 544, decided under the old law, are obsolete. Under the present law the bond must state the time, place, and court when, where, and before which the defendant is bound to make his personal appearance. The court can not treat an objectionable condition as mere surplusage. See the opinion for a collocation of authorities on the question.

APPEALS from the Criminal District Court of Galveston. Tried below before Hon. C. L. Cleveland.

The cases are disclosed in the opinion.

*A. Sampson,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—These two appeals are from judgments final upon forfeited bail bonds, and the records in both cases present the same question. The bail bonds were for the appearance of one Joe Browning before the Criminal District Court of the county of Galveston. With regard to the time when he was obligated to appear it is agreed that the original recitations in each of said bonds was as follows, viz.: "Now, if the said Joe Browning shall appear before the Criminal District Court at the next term thereof, to be holden in and for the county last aforesaid on the first Monday in November, A. D. 188."

After said bonds were executed, the sheriff, without the knowledge or consent of the sureties, added the figure "9" after the letters and figures "A. D. 188," making the year of the appearance "A. D. 1889," instead of "188," as originally written.

In answer to the *scire facias,* the sureties, these appellants, pleaded the alteration in said bonds, and that said alteration was material and invalidated the said bonds. They furthermore pleaded that the said bonds as originally entered into were invalid and void, because they obligated the principal to appear at an impossible time or date.

Both of these positions are well taken under the agreed statement of facts sent up in the record. A bail bond is fatally defective when its conditions require the appearance of the principal obligor at a time when there can legally be no term of court in which he is required to appear. Burnett v. The State, 18 Texas Ct. App., 283; Thomas v. The State, 13 Texas Ct. App., 496.

Again, a material alteration in an obligation of record, as a bail bond, made without the consent of the obligors at the instance of the officers of the State, will discharge the obligors. Gragg v. The State, 18 Texas Ct. App., 295; Heath v. The State, 14 Texas Ct. App., 213; Grant v. The State, 8 Texas Ct. App., 432; Collins v. The State, 16 Texas Ct. App., 275.

The bail bonds being void, because the time stated in them being an impossible time, no legal proceedings could be taken to forfeit them as originally executed; and the alteration being material and without authority, discharged the obligors from all further liability upon said bonds had they been valid at the time of the execution of said obligations.

The judgment in each of said cases is reversed and the prosecutions are dismissed.

*Reversed and dismissed.*

Hurt, J., absent.

### ON MOTION FOR REHEARING.

WHITE, PRESIDING JUDGE.—The State has filed a motion for a rehearing in this case, and insists that those portions of the bail bond which we have held fatally defective, and upon which our opinion reversing and dismissing the case was based, can and should be treated as surplusage, and that, eliminating them, there is enough left in said bond to make it valid and sufficient under our statute prescribing the requisites for bail bonds. In support of this position we are cited to Brite v. The State, 24 Texas, 219 (which was a case on recognizance and not on bail bond), and wherein it was held that "where a recognizance binds the party to appear at the *next* term of the court it is valid, although the court can not lawfully be in session at the time stated in the recognizance." That decision was made upon a recognizance entered into in 1853, before the adoption of our Penal and Criminal codes, as was also the case of Wilcox v. The State, 24 Texas, 544. But such is not the rule as now construed with reference to the provisions of the codes. Barnes v. The State, 36 Texas, 332; Williamson v. The State, 12 Texas Ct. App., 169.

With regard to bail bonds, the condition required by the old law was that the obligor would "appear at the District Court of the proper county at the next term thereof." Hart. Dig., art. 2888.

One of the requisites of a bail bond now is "that the bond state the time and place when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time it is sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court or magistrate and of the county." Code Crim. Proc., art. 288.

"A bail bond being a statutory bond, to be valid as such must in every essential particular conform to the statute, and this court can not treat an objectionable condition as mere surplusage." Turner v. The State, 14 Texas Ct. App., 168; Waller v. The State, 18 Texas Ct. App., 414.

In this case the bond was conditioned that the obligors were to appear not only at "*the next term,*" but said next term was expressly stated to be on the first Monday in November, A. D. 188—an impossible time.

A bail bond that obligates the defendant to appear at a term of the court not authorized by law is void. Thomas v. The State, 12 Texas Ct. App., 417; Thomas v. The State, 13 Texas Ct. App., 496; Douglass v. The State, 26 Texas Ct. App., 248.

The authorities which we cited in our original opinion not only sustain the opinion, but are directly in point and applicable to the questions in the case. Burnett v. The State, 18 Texas Ct. App., 283; Heath v. The State, 14 Texas Ct. App., 213; Gragg v. The State, 18 Texas Ct. App., 295.

Under these authorities the opinion is correct, and the motion for rehearing is accordingly overruled.

*Motion overruled.*

Hurt, J., absent.