N. MACKEY v. THE STATE.

No. 1105.   Decided June 2, 1897.

**1.   Appearance Bond—Impossible Date.**

An appearance bond executed on the 22d of November, 1893, requiring the obligor to appear at a term of the court to be held on the fourth Monday in April, 1893, states an impossible date, as the time named was already past several months before the bond was executed, and it is therefore a nullity.

**2.   Same—Designation of Time In.**

An appearance bond which requires the obligor to appear at the next term of said court, at the courthouse in B., does not sufficiently designate the time and term of court at which he is to appear.

APPEAL from the District Court of Kendall. Tried below before Hon. EUGENE ARCHER.

Appeal from a judgment final for $500 upon the appearance bond of an attached witness.

*Leo Tarleton,* for appellant.—A witness bond which fixes the time specifically for the appearance of the witness on a date anterior to execution of the bond is a nullity. The bond is dated November 22, 1893. It required the witness to appear on the fourth Monday in April, 1893. Code Crim. Proc., arts. 308, 309, 341; Barnes v. State, 36 Texas, 332; Teel v. State, 3 Texas Crim. App., 326; Williamson v. State, 12 Texas Crim. App., 169; Thomas v. State, 12 Texas Crim. App., 417; Turner v. State, 14 Texas Crim. App., 168; Burnett v. State, 18 Texas Crim. App., 283.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a judgment final entered upon a forfeited witness attachment bond. The bond was taken on the 22d day of November, 1893, and required the witness Ellis to make his personal appearance before the District Court of Kendall County, at a term of the court to be held on the fourth Monday in April, 1893. The appellant, Mackey, was one of the sureties upon said bond. It is contended by appellant in his assignment of errors that the bond was a nullity, and such a one as precluded a forfeiture, because it required the witness Ellis to appear at an impossible day and term of the court. The language of the bond in this respect is as follows: "If the said Ellis shall make his personal appearance at the next term of said court to be held on the fourth Monday in April, 1893, at the courthouse at Boerne, in said county, and shall there remain from day to day, * * * then this obligation shall be null and void." The language which requires the witness to appear at the next term of said court at the courthouse at Boerne, in said county, is not a sufficient designation of the time. This has been decided in several cases in this State, and, so far as we know, the line of decisions is unbroken, running back to the early decisions by the Supreme Court. For the witness to appear on the fourth Monday of April, 1893, was a requirement to appear at an impossible day, because it was several months anterior to the time of the taking of the bond. So, from either standpoint, or from taking the two requirements together, the bond is not a legal obligation, and is not sufficient in law in respect to the time and term of court at which the witness was to appear. See Williamson v. State, 12 Texas Crim. App., 169; Thomas v. State, Id., 417; Turner v. State, 14 Texas Crim. App., 168; Burnett v. State, 18 Texas Crim. App., 283; and many other decisions in this State to the same effect.

Because of the defects above pointed out, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*