TRAVIS MILLIORN ET AL V. THE STATE.

No. 22294. Delivered December 9, 1942.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellants.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a final judgment on a forfeited bail bond.

No necessity exists to state the case at any length. It is sufficient to say that the bail bond, the forfeiture of which formed the basis of the judgment, was dated "this — — — — day of *February, A. D. 1941.*" It showed to have been "taken and approved" by the sheriff on "the *11th day of Feb. A. D. 1941.*"

The scire facias, which forms not only the State's pleading in a bond forfeiture case but also the citation to the sureties, described the bond as having been dated the "11th day of February, A. D. 1941, — — —." There is no explanatory allegation that the bond was in fact executed on that date.

The appellant objected to the admission in evidence of the bond, because of a variance between the two dates. It is insisted that the objection was well taken and should have been sustained, under the authority of O'Clare et al v. State, 138 Tex. Cr. R. 32, 133 S. W. (2d) 779. The State insists that there was no variance and that the objection was properly overruled, under the authority of Mills et al v. State, 35 S. W. 370.

In the O'Clare case, the bond was not dated. It was taken and approved by the sheriff on the 18th day of December, A. D. 1937. The judgment nisi and the scire facias recited that the bond was dated the 15th day of December, 1937. A direct variance thus existed between the date of the approval of the bond by the sheriff and the date alleged in the scire facias. This

court held that such variance, that is, between the date of the bond and that alleged in the scire facias, was fatal to a recovery on the bond.

In the Mills case, the bond was not dated, but was approved on the 23rd day of January, A. D. 1895. The scire facias alleged. that the date of the bond was the same as the date of its approval by the officer. Under such facts, this court held that no variance existed between the bond and the scire facias, under the rule that, where the bond is not dated, it will, in the absence of a contrary showing, be presumed to have been executed on the date it was approved by the officer.

In the instant case, the bond was not dated. The scire facias alleged the date thereof to be that on which the sheriff approved it. Such was the exact situation existing in the Mills case; and, unless there exists another reason requiring a contrary conclusion, the Mills case is controlling here. There does, however, exist in this case a reason why the Mills case does not, and cannot apply here. This difference rests in the fact that the bond in the instant case required the principal to appear before the District Court of Wood County on "the 10th day of February, A. D. 1941," which was one day prior to the date of the approval of the bond by the sheriff. If the presumption be here applied that the bond was executed on the day of its approval by the sheriff, in the absence of a date of execution shown on the bond, then we would have a bond which required the principal to appear at a date anterior to the time the bond was executed, which would render the bond invalid as being impossible of performance by the principal. Butler et al v. State, 19 S. W. 676, 31 Tex. Cr. R. 63.

From what has been said, it is apparent that the Mills case is neither applicable nor controlling. The variance, as insisted by appellants, existed, and the rule announced in the O'Clare case is controlling.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.