Joe BONDS et al., Appellants,

v.

The STATE of Texas, Appellee.

Nos. 27865, 27866.

Court of Criminal Appeals of Texas.

Dec. 14, 1955.

On Rehearing Jan. 25, 1956.

Harold W. McCracken, Dallas, for appellants.

Henry Wade, Dist. Atty., J. J. Fagan, Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

These are bond forfeiture proceedings which were consolidated on appeal.

We shall discuss some of appellant's contentions in the order advanced.

■ 1. That the Special Criminal District Court of Dallas County, the court in which these proceedings were had, did not have jurisdiction, power or authority to enter the judgment nisi or enter the order making the same final because the act, Acts 1954, 53rd Legislature, 1st Called Session, appearing as Article 199–14, Vernon's Ann. Civ.St., and Article 52–24b, Vernon's Ann. C.C.P., prior to the 1955 amendment, cre-

ating the court did not provide for regular terms of court each year. Appellant contends all proceedings of the court are void because of the failure of the Legislature to designate regular terms for said court. He asserts that this is a question of first impression in this State. We only partially agree with such assertion. The Supreme Court of this State had a kindred question before it in St. Louis Southwestern Ry. Co. of Texas v. Hall, 98 Tex. 480, 85 S.W. 786. It was there contended that the act which created the 62nd District Court of Hunt, Lamar and Delta Counties was void because it provided for only one term of court each year in Delta County. Judge Williams in that case construed the constitutional provision, Article 5, Section 7, Vernon's Ann.St. relating to terms of a district court as an affirmative command and not a prohibitory provision. The act creating the court was held to be valid as against such contention, and the court was held to have jurisdiction to try the case before it.

■ 2. That the court erred in entering the judgment nisi because the name of the court, as created by the Legislature, was "The Special Criminal District Court of Dallas County, Texas," whereas the condition of the bond was that the principal appear before the "Special Criminal District Court No. ——— of Dallas County, Texas." We are not impressed with the contention that a fatal variance is shown.

■ 3. That the court had no jurisdiction to enter any orders in this case because the indictments show that they were returned into "I" Court, whereas the Special Criminal District Court of Dallas County, Texas, was designated as the "J" Court. Appellant contends that it was incumbent upon the State to introduce into evidence the order of the Presiding Judge transferring the indictments from "I" Court into "J" Court for trial. With this, we cannot agree. The condition of the bond signed by the appellant was that his principal would make his appearance in the court which ultimately did enter the judgment nisi and made the same final. He cannot now be heard to say that such was

not the proper court to forfeit the bond. Though possibly not requisite, we note that no plea to the jurisdiction of the court was filed and when the indictment was introduced in evidence, no objection similar to the one now sought to be raised was urged.

■ 4. That the court erred in entering the judgment nisi because the indictment alleges the offense of "sodomy" while the bond and the writ of scire facias recited that the principal stood charged with the offense of "sodomy by assault." Surely the phrase "by assault" as found in the bond and writ may be treated as surplusage, and when so treated no variance is shown.

All of his contentions are overruled. The judgments are affirmed.

On Appellants' Motion for Rehearing

DAVIDSON, Judge.

Upon further consideration of these consolidated cases in the light of appellants' motion for rehearing, we have concluded that there is a fatal variance between the allegations of the bond, the judgment nisi, and the scire facias, which was not discussed in our original opinion.

■ In a bond forfeiture case the scire facias constitutes the pleading upon and by which the state seeks to make final the bond forfeiture. 5 Tex.Jur., Bail and Recognizance, Sec. 97, at page 973.

It follows that the proof must sustain the allegations of the scire facias in order to authorize a judgment making final the judgment nisi. Williams v. State, 130 Tex. Cr.R. 124, 92 S.W.2d 1036.

The condition set forth in the bond in this case was that the principal appear before the "Honorable Special Criminal District Court No. ——— of Dallas County, Texas." The judgment nisi recites the condition in the bond to be that the principal appear before the "Honorable Criminal District Court of Dallas County, Texas." The allegation of the scire facias is that the condition in the bond was that the principal appear before the "Special Crim-

inal District Court of Dallas County, Texas."

■ By the creating statutes, we judicially know that the Special Criminal District Court of Dallas County, Texas (now Criminal District Court No. 3), and the Criminal District Court of Dallas County, Texas, are two separate and distinct district courts.

■ The variance between the judgment nisi and the scire facias is apparent, because the bond was conditioned that the principal make his appearance in one court, while the judgment nisi recites that the principal was to appear in a court other than and different from that named in the bond, and the scire facias recites that the principal was to appear in a court different from that named in the judgment nisi. Such variance is fatal to a judgment making final the judgment nisi. Williams v. State, supra.

Because of the variance pointed out, the appellants' motion for rehearing is, to that extent, granted, the judgment of affirmance set aside, and the judgment of the trial court now reversed and the cause remanded in each of the cases here consolidated.