### L. D. WALL, ET AL V. STATE.

No. 31,112. December 9, 1959.

*Brown and Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal from a final judgment entered against the appellant, L. D. Dall, as principal and the appellants Dub Lawson and Edna Mae Brown, as sureties upon the forfeiture of an appearance bond executed by them.

The bond executed by appellants was undated but was approved by the sheriff of Lubbock County on the 1st day of May, 1958 and filed in Cause No. 24,702, styled the State of Texas

v. L. D. Wall on the Docket of the County Court at Law of Lubbock County on the 3rd day of May, 1958.

Judgment nisi was entered when the appellant Wall failed to appear when his case was called for trial on August 29, 1958.

The bond was conditioned that the appellant Wall "shall well and truly make his personal appearance before the County Court at Law of Lubbock County; *K* County, Texas, at the next term of said court, at Lubbock, Texas, on the 5th day of May, 1957, * * * ."

It is apparent that under the recited provisions of the bond the principal Wall was required to appear in court at a date some 11 months and 25 days anterior to the time the bond was approved by the sheriff, which, in the absence of showing to the contrary, we must presume was the date the bond was executed. Pollock v. State, 164 Texas Cr. Rep. 404, 299 S.W. 2d 294.

A bond which requires the principal to appear at a date anterior to the time it is executed renders the same invalid as being impossible of performance. See Butler v. State, 31 Texas Cr. Rep. 63, 19 S.W. 676 and Milliorn et. al. v. State, 145 Texas Cr. Rep. 137, 166 S.W. 2d 926. For such reason the bond in the instant case is invalid and the judgment rendered thereon cannot be sustained.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.