J. L. LANDRUM, ET AL, V. STATE

No. 33,263. April 26, 1961

WOODLEY, Presiding Judge, absent.

*Yelderman & Martin,* by *Wm. Yelderman,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

This is a bond forfeiture proceedings.

Motion to quash the citation was predicated upon the fact that the bond was conditioned, and the judgment nisi recites, that the principal was to appear in the 22nd *Criminal* District Court of Comal County, Texas, whereas neither of the two District Courts in and for Comal County contains the word "Criminal" in its statutory designation and the bond was actually forfeited in the 22nd District Court of Comal County.

Bonds v. State 162 Tex. Cr. R. 419, 286 S.W. 2d 313, relied upon by appellant, is not here controlling because in that case the condition of the bond was that the principal would appear in a certain district court of Dallas County whereas the judgment nisi recited that he was to appear in *another* district court in said county. Such is not the case here. There is only one 22nd District Court in Comal County.

Mullins, et al v. State, 168 Tex. Cr. R. 349, 327 S.W. 2d 578, is likewise not controlling because not only is there no Criminal District Court of Bell County but there is no District Court sitting at Killeen.

Adams v. State, 44 Tex Cr. R. 534, 72 S.W. 588, is not authority requiring the reversal of this case because there the form of recognizance set forth in the statute was not followed. In the case at bar, all that is required is that the principal know *where* and in *what* court he was to appear. This he clearly did.

The judgment is affirmed.