**E. L. PHARIS et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 34702.**

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 2, 1963.

C. C. Divine, Houston, for appellants.

Henry Wade, Dist. Atty. Emmett Colvin, Jr., and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an appeal from a final judgment of bail bond forfeiture rendered in Criminal District Court No. 2 of Dallas County against E. L. Pharis, as defendant-principal, and C. C. Divine and Lee Williams, defendant-sureties.

In the criminal case pending against him, the defendant-principal had failed to appear for trial on May 12, 1961, and judgment nisi was rendered against him, the said E. L. Pharis, as principal, and against United Bonding Insurance Company, as surety, on a $1,000 appearance bail bond by virtue of which said accused, E. L. Pharis, was then at liberty.

Later, the said E. L. Pharis regained his liberty by filing a new bail bond on October 3, 1961, the bond having been made on September 21, 1961, in the principal amount of $2,000, properly executed by the appellants herein. On November 3, 1961, the criminal case against Pharis was called for trial, and said defendant not appearing, judgment nisi was properly rendered by the trial court against defendant and the sureties on said $2,000 bail bond.

A consolidated hearing was held for final judgments on the respective judgments nisi on the two distinct bail bonds. The trial court granted final judgment in favor of the defendant-principal and the United Bonding Insurance Company, defendant-surety, on the first bail bond in the sum of $1,000, and granted final judgment in favor of the State of Texas against E. L. Pharis, defendant-principal, and C. C.

Divine and Lee Williams, defendant-sureties, on the second bail bond which was in the principal sum of $2,000, but remitted $1,500 of said principal sum and rendered final judgment in the amount of $500 and costs of suit.

Appellants contend that the bail bond, judgment nisi, and scire facias are insufficient and at a variance with the indictment for the reason that these instruments only set out that the defendant-principal was charged with a felony and the specific offense was not named.

Appellants further contend that since the bail bond required the defendant-principal to appear "Instanter" there is no evidence of notice being given as to what "Instanter" means as to a date, and that, without notice to appear, the failure to appear is excused. Appellants further urge that the scire facias petition is insufficient because it contains no allegation of notice of a trial setting and does not state that notice was given to appear instanter.

Art. 273, Vernon's Ann.C.C.P., which prescribes the requisites of a bail bond, in section 3 states:

"If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor."

We hold that the recitation made in the bail bond, judgment nisi, and scire facias that the defendant-principal was charged with a "felony" is a sufficient legal description of the offense. Callaghan v. State, 57 Tex.Cr.R. 314, 122 S.W. 879; Holley v. State, 70 Tex.Cr.R. 511, 157 S.W. 937.

We find no merit in appellants' contention that the bail bond is insufficient because the date of appearance is stated "Instanter" and not "Instanter after notice." Hines v. State, 168 Tex.Cr.R. 381, 327 S.

W.2d 755; Rippey v. State, 132 Tex.Cr.R. 415, 104 S.W.2d 850.

We know of no provision of the statutes or any holdings of this court that make it requisite for a scire facias petition to contain allegations of notice of a trial setting and allegations that the notice was given to appear instanter.

Art. 427, Vernon's Ann.C.C.P., Requisites of citation, section 4, states:

"It shall state the offense with which the principal is charged *as set out in the bond or recognizance*, and state the date of such obligation." (Emphasis added.)

Finding no error, the judgment is affirmed.