**Harold L. HALL et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 45726.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

---

1. Emphasis supplied.

Edith Roberts, Austin, for appellants.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a bond forfeiture proceeding.

■ Appellants first contend that the bond is insufficient to meet the requirements of Art. 17.08 Vernon's Ann.C.C.P., Sec. 4, in that the principal failed to write his address following his signature. Such omission does not exonerate either the principal or the surety. Bowen v. State, 413 S.W.2d 915 (Tex.Cr.App.)

■ They next contend that the bond is not enforceable because the number of the Justice Precinct in which complaint had been filed was not stated. We find no language in Art. 17.08, supra, which requires that the name of the court in which the bond is set appear on the face of the bond.

■ It is further contended that the judgment was for a greater sum than the sum of the bond. The bond was in the sum of $5,000. The judgment authorized recovery from both the principal and the surety in the full amount of the bond. Recently in Barrington v. State, 437 S.W. 2d 552 (Tex.Cr.App.), this court held that such recovery was proper, but that payment by one of the parties constitutes complete settlement and satisfaction for all as far as the State is concerned.

■ Appellants' fourth contention is that the bond required the principal to appear in the 147th District Court of Travis County while the bond was forfeited in the 167th District Court of Travis County which had no jurisdiction to hear the forfeiture proceedings. Art. 199, Sec. 167, Subsec. (G), Vernon's Ann.C.S., authorizes the several District Judges of Travis County to try and determine any case or proceeding in any other District Court of said County without having the case transferred.

The fifth contention is that there is a fatal variance between the offense named in the bond and the offense designated in the judgment nisi. The bond recites the offense charged to be: "Possession of Marihuana", while the judgment nisi recites "A felony, to wit: unlawful possession of a narcotic drug, to wit: marihuana."

Art. 725b, V.A.P.C. makes any possession of marihuana unlawful and makes marihuana a narcotic drug. There is no variance. Cummins v. State, 478 S.W.2d 452 (Tex.Cr.App.)

Appellants' sixth contention is that "the record clearly shows that the defendant appeared before the court on March 25, 1971, . . . and at that time the State should have set the $1,000 [pre-indictment bond] bond aside and held the defendant over on the $10,000 bond, as required by the indictment". However, we have examined the record and find no evidence to indicate any post-indictment appearance by the appellants. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Edith Roberts, Austin, for appellants.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.