**J. E. FELLER, Individually, d/b/a Programmed Security Corporation, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. B2073.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 9, 1979.

Murray L. Lieberman, Joseph D. Hill, Houston, for appellant.

William T. Schiffman, Urban & Coolidge, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment rendered for Southwestern Bell Telephone Company (Bell) in the suit on an open account against J. E. Feller (Feller), individually and d. b. a. Programmed Security Co. (Programmed Security).

Bell originally filed suit on a sworn account under rule 185, Tex.R.Civ.P., against Feller, individually and d. b. a. Programmed Security Co., but since Bell's Third Amended Petition was not sworn as

required by rule 185, this was not a sworn account case.[1] Nevertheless, Feller responded by a sworn denial in his Third Amended Answer, in which he contested the validity of the account; claimed the statute of limitations barred Bell's suit; and also claimed to be a stranger to the transaction forming the basis of Bell's suit. Concurrent with filing its Third Amended Petition, Bell filed a motion for summary judgment accompanied by affidavits and other summary judgment evidence. Feller did not respond to the motion for summary judgment, although sequentially his Third Amended Answer to Bell's petition was filed subsequent to Bell's motion for summary judgment. The trial court granted Bell's motion for summary judgment and appeal is from that judgment.

Feller contends that by his Third Amended Answer genuine issues of fact were presented to the trial court on whether the statute of limitations barred the suit and whether Feller was a stranger to the transaction. From Feller's answer it is apparent that, as to the latter ground, Feller sought to defend on the ground that the statements of the account filed by Bell listed Programmed Security *Corporation* as the account debtor; that Feller was not personally listed on the statement; and that Feller had never done business as Programmed Security Company. We agree with Feller that under Bell's summary judgment evidence there would have been a fact issue on whether Feller was liable on the account or was a stranger to the transaction.[2] *Aztec Pipe & Supply Co. v. Sundance Oil Co.*, 568 S.W.2d 401 (Tex.Civ.App.—Houston [1st Dist.]), *writ ref'd n. r. e. per curiam*, 576 S.W.2d 780 (Tex.Sup.1978). However, as Bell maintains, this was not a sworn account, *nor was a summary judgment* obtained based on a prima facie sworn account pursuant to rule 185. As a result, the principles addressed in *Aztec* are not applicable to this case. The summary judgment in this case was subject to the provisions of rule 166–A, Tex.R.Civ.P., which requires a party moving for summary judgment to "state the specific grounds therefor . . ." and further mandates that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

As we construe that portion of rule 166–A, the nonmoving party is now required to make some response to the motion for summary judgment, and in that response must bring fact issues to the attention of the trial court as a predicate to relying on those issues on appeal as grounds for reversal. To effectuate that purpose, "answer" as used in the rule must be interpreted to be an answer in response to the motion for summary judgment rather than an answer generally filed by a defendant in response to a petition.[3]

Appellant Feller does not disagree with the above construction, but advances the argument that his Third Amended Answer was actually in response to the motion for summary judgment. He urges that his answer was misnamed and that under rule 71, Tex.R.Civ.P., his Third Amended Answer should be considered as a response to Bell's motion for summary judgment rather than an answer to Bell's Third Amended Petition. Rule 71, which states that if a party has *"mistakenly* designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated . . ." (emphasis added), is not applicable in this case

---

1. Bell's original suit also included a claim for attorney's fees, but that portion of the suit was severed by the trial judge when the motion for summary judgment was granted.

2. The Supreme Court in *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.Sup.1977), has established that pleadings, even if sworn, are not summary judgment evidence.

3. It is less clear that a fact issue would have been presented on the defense that Bell's suit is barred by the statute of limitations since that is an affirmative defense, and Feller would have the burden of raising a fact issue to avoid a summary judgment. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.Sup.1975).

because it is readily apparent from the face of Feller's Third Amended Answer that in fact it was a sworn denial directed to Bell's Third Amended Petition, and therefore that it was not *mistakenly* designated.

Since Feller neither responded to the motion for summary judgment nor specified fact issues for the trial court, no issues have been preserved for the purposes of this appeal.

We affirm the judgment of the trial court.

Affirmed.

CIRE, J., not participating.