**Jimmy R. DURAN et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 64238.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 29, 1980.

Antonio G. Cantu, San Antonio, for appellants.

Bill M. White, Dist. Atty., and Hipolito Canales, Jr., Barry P. Hitchings and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a final judgment forfeiting an appearance bond of $7,500.00 against Jimmy R. Duran, principal, and Riojas Bail Bonds, surety.

The record reflects that Duran, the principal, failed to appear on July 13, 1979 to answer an indictment in district court charging him with a possession of heroin (repeater). A bond forfeiture was declared, and a formal judgment nisi was entered on September 5, 1979. Citation was issued requiring the principal and the surety to answer as to why the judgment nisi should not have been made final. The surety's sworn answer was filed alleging, inter alia, that the principal's name was not called at the courthouse door as required by law contrary to the recitation in the judgment nisi.

The State then filed a motion for a summary judgment under Rule 166-A of the Texas Rules of Civil Procedure. Attached to the said motion were certified copies of the bail bond and the judgment nisi and the sworn affidavit of a deputy district clerk attesting to the genuineness of the certified copies.

The appellants filed no answer or affidavits in response to the State's summary judgment motion. The court granted the summary motion and entered final judgment from which this appeal is taken.

On appeal, appellants contend the court erred in granting the motion for summary judgment as there was a fact issue as to whether Duran's name was called at the courthouse door prior to the bond forfeiture.

Appellant concedes that said Rule 166-A, as amended in 1978, provides that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). And appellants further concede the term "answer" in the stated provision has been construed to require an answer to the summary judgment motion, not an answer generally filed in response to a petition. *City of Houston v. Clear Creek Basin Authority,* supra at p. 677; *Feller v. Southwestern Bell Telephone Company,* 581 S.W.2d 775 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ).

Appellant acknowledges he did not file an answer or opposing affidavits in specific response to the State's motion for summary judgment, but argues that the State attached a certified copy of his verified answer to the citation to its motion for summary judgment, thus bringing to the trial court's attention the fact issue involved and why the judgment nisi should not be made final, thus affording substantial compliance with Rule 166–A(c).

Our examination of the record, including the motion for summary judgment and certificate of the deputy district clerk, support appellants' assertion, but even if the answer to the citation was included in the papers attached to the summary judgment motion, we conclude the court did not err in granting the summary judgment. The attachment of such answer would not change the interpretation given to Rule 166–A by the cases cited above. The appellants did not come forward with any showing there was a disputed fact issue upon an affirmative defense. *P. T. Poultry Growers v. Darr Equipment Co., Inc.,* 537 S.W.2d 773, 776 (Tex.Civ.App.–Tyler 1976). The State was entitled to the summary judgment.

The judgment is affirmed.