**Ramon B. BALBOA, Principal & Joe Riojas, d/b/a Riojas Bail Bond, Surety, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 64239.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 25, 1981.

Antonio G. Cantu, San Antonio, for appellants.

Bill M. White, Dist. Atty. Robert DeLeon, Barry P. Hitchings and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an appeal by the surety and principal from a final judgment in the forfeiture of a bail bond.

The appellants contend that summary judgment should not have been granted because:

(1) the bond failed to designate the court in which the principal was to appear and is therefore not a valid and binding undertaking in law;

(2) the failure of the bond to designate the court in which the principal was to appear rendered the evidence insufficient to support the summary judgment;

(3) there was a disputed fact issue as to whether the appellant's name was called at the courthouse door as alleged in the judgment nisi; and

(4) "[T]here was a material and fatal variance between the judgment and the proof offered in support thereof in the particular court the principal was to appear."

The appellants assert that the trial court erred in granting the summary judgment because the bail bond was "incomplete and therefore not a valid and binding undertaking in law." It is argued that the bond does not conform to the requirements of Art. 17.08, V.A.C.C.P. in that it does not inform the principal in which court he is required to appear. Art. 17.08, V.A.C.C.P. provides:

"A bail bond shall be sufficient if it contain the following requisites:

"1 . . . .

"2. That the defendant and his sureties, if any, bind themselves that the defendant will appear before the proper court or magistrate to answer the accusations against him.

\*     \*     \*     \*     \*     \*

"5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate."

The bond executed and presented by the principal and the sureties provides that the principal who was charged with a felony offense appear:

"instanter before ———, Justice of the Peace, during the present term of the aforesaid Justice Court, at the Court-

house, in the City of San Antonio, Texas, in Justice Precinct No. _____, Place _____, Bexar County, Texas, there to remain in attendance from day to day, and term to term, until discharged by order of the Court, to answer the aforesaid accusation against him, and shall personally appear for any and all subsequent proceedings had relative to the above charges before the Grand Jury of said County, and before any Court or Courts of the State of Texas in which said subsequent proceedings may be pending . . . ."

The bond executed and presented by the appellants did not specify in which justice of the peace court the principal bound himself first to appear except that it was in "the Courthouse, in the City of San Antonio, Texas." The provision of the statute that the bond state "the court or magistrate" before whom the principal is to appear is for the benefit of the principal and surety; they have a right to insist that that provision of the statute be met if they do so at the time the bond is executed and presented for approval. However, if this right is not insisted upon at that time it is a right which may be waived and the principal and sureties may not be heard to complain of such an omission for the first time after the bond has been forfeited. See *Smith v. State*, 566 S.W.2d 638 (Tex.Cr.App. 1978); *Hodges v. State*, 489 S.W.2d 916 (Tex.Cr.App.1973); *Hall v. State*, 485 S.W.2d 563 (Tex.Cr.App.1972); *Bowen v. State*, 413 S.W.2d 915 (Tex.Cr.App.1967), which held that although a bond is required by Art. 17.08, Sec. 4, V.A.C.C.P. to contain the mailing addresses of the principal and the sureties, sureties and principals who had signed bonds omitting their addresses would not be exonerated from their obligation under the bonds because of these omissions.

Since the principal and sureties in this case waived the right, which was for their benefit, to have "the bond state . . . the court or magistrate" before whom the principal was first to appear when the bond was executed and presented for approval, the appellants will not be heard to complain after the bond has been forfeited.

Furthermore, in this instance the bond was not forfeited in a justice of the peace court. The bond was forfeited in a district court for the principal's failure to there appear to answer the charges against him, contrary to the obligation in the bond that the principal

". . . personally appear for any and all subsequent proceedings had relative to the above charges before . . . any Court or Courts of the State of Texas in which subsequent proceedings may be pending."

■ The appellants next argue that the failure of the bond to specify in which justice court the principal bound himself to appear "would seem to require some other summary judgment proof to establish that the Principal knew which Court to appear before." Since we hold that the appellants waived their right to have the bond state in which justice of the peace court the principal was first to appear this contention is likewise without merit. Moreover, as we have noted the bond was forfeited upon the appellant's failure to appear for "subsequent proceedings" against him in district court. The bond and the judgment nisi together are sufficient evidence to support the motion for summary judgment. *Tocher v. State*, 517 S.W.2d 299 (Tex.Cr.App.1975).

The appellants argue that a material fact issue of whether the principal's name was called at the courthouse door when the bond was forfeited was raised prior to rendering the final judgment, and that summary judgment was improperly granted.

In response to the citation commanding appellants to answer why the judgment nisi should not be made final the appellants filed an answer alleging in part that the principal's name was not called at the courthouse door as recited in the judgment nisi. The State filed a motion for summary judgment, to which were attached certified copies of the bond and the judgment nisi, and an affidavit of a deputy district clerk attesting to the genuineness of the copies. The appellants made no response to the State's motion.

Tex.R.Civ.P. 166–A(c), as amended in 1978, states that on appeal from summary judgment, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." As appellants acknowledge, the "answer" required by the rule is a response to the motion for summary judgment, not to a general pleading. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Feller v. Southwestern Bell Tel. Co.*, 581 S.W.2d 775 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

The appellants contend that substantial compliance with the rule was effected despite their failure to respond to the State's motion for summary judgment, because the State attached to its motion for summary judgment a copy of the appellants' answer to the citation. This same contention was made but rejected by this Court in the recent case of *Duran v. State*, 606 S.W.2d 921 (Tex.Cr.App.1980). As in this case, the defendant there argued that the factual issue of whether the principal's name had been called at the courthouse door was raised sufficiently to satisfy Rule 166–A(c) when the surety's answer to the citation was appended to the State's motion for summary judgment. The Court, relying on *City of Houston*, supra, and *Feller*, supra, found that the requirements of Rule 166–A(c) were not met; therefore, the issue could not be raised on appeal. The appellants here, having failed to respond to the State's motion for summary judgment within the meaning of Rule 166–A(c), are similarly prevented from raising the issue on appeal. *Duran v. State*, supra.

The appellants contend that variances between the bond, the scire facias, and the judgment nisi are fatal to the summary judgment. They rely on *Smith v. State*, 548 S.W.2d 407 (Tex.Cr.App.1977) and *Bonds v. State*, 162 Tex.Cr.R. 419, 286 S.W.2d 313 (1956).

In *Smith v. State*, supra, the judgment nisi stated that the principal failed to appear in the 147th District Court of Travis County, while the final judgment stated that the principal had failed to appear in the 167th District Court of Travis County. The reversal was for this obvious variance.

In *Bonds v. State*, supra, it was said: "The variance between the judgment nisi and the scire facias is apparent, because the bond was conditioned that the principal make his appearance in one court, while the judgment nisi recites that the principal was to appear in a court other than and different from that named in the bond, and the scire facias recites that the principal was to appear in a court different from that named in the judgment nisi."

In this case the record is clear that the bond was forfeited and the judgment nisi was entered in the 175th District Court of Bexar County. The citation for final judgment and the motion for summary judgment do not, and they need not, recite in which court the principal was to appear and in which court the judgment nisi was entered; however, they do incorporate by reference an attached certified copy of the judgment nisi. The summary judgment does not, and it need not, recite in which court the principal was to appear and in which court the judgment nisi was entered; however, it does refer to the motion for summary judgment including the incorporated certified copy of the judgment nisi. There are no variances; the cases cited and relied on by the appellants are not in point.

Each of the appellants' points of error is overruled.

The judgment is affirmed.

CLINTON, Judge, dissenting in part/concurring in part.

Ever since the English Declaration of Rights of 1689, in organizing themselves into a nation state with a formal government of law, all free civilized societies have included provisions that bail be allowed in an amount that is not excessive to nearly any one of their fellows who is accused of a

violation of law.[1] Historically and constitutionally the matter of bail at once implicates a generally accepted presumption of innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him. Accordingly, invariably the governing law will undertake to accommodate and effectuate the competing policies concerning pretrial detention of the accused citizen by prescribing rules and regulations to control the *matter of bail*.

In Texas from the beginning the legislative department has determined precisely the bail process. Thus, in this State bail is "security given by the accused" that he will appear, Article 17.01, V.A.C.C.P., and a bail bond is a "written undertaking entered into" by the accused and his sureties that he will appear "before some court or magistrate to answer a criminal accusation," Article 17.02, *id.* The intent and purpose of requiring a bail bond as a prerequisite to release from detention in this State have always been to secure the presence and ensure the trial of the accused—"rather than to mulct his securities in a penalty"— from as early as *Jackson v. State*, 13 Tex. 218, 219 (1854) to as recently as *McConathy v. State*, 528 S.W.2d 594, 596 [2] (Tex.Cr.App. 1975).

The heart of the rationale suggested by the majority opinion is the notion that the provision of Article 17.08, § 5, V.A.C.C.P., "that the bond state 'the court or magistrate' before whom the principal is to appear is *for the benefit of the principal and surety...*" That idea, though tempting— albeit not followed by citation of approving authorities, for there is none so holding [3] is belied by the true concept of a bail bond, an "undertaking" that provides "security" for appearance and answer.

Thus, a bail bond is, and always has been, "strictly a statutory bond," and "to be valid as such must in every essential particular conform to the statute," *Turner v. State*, 14 Tex.App. 168 (1883). This because once properly prepared, executed and returned into court it becomes a legal obligation of record. *Costley v. State*, 14 Tex.App. 156, 160 (1883); *Gragg v. State*, 18 Tex.App. 295, 296 (1885) and the obligors are thereby bound to do that which they are capably directed to do by terms of the bond. *Wegner v. State*, 28 Tex.App. 419, 13 S.W. 608 (1890), *Wall v. State*, 168 Tex.Cr.R. 512, 329 S.W.2d 884 (1960). So it was, and still is, the rule that an obligation binding one to appear "instanter" is a specification of time that sufficiently conforms to the statutory requisite: *Fentress v. State*, 16 Tex.App. 79 (Ct.App.1884); *Rippey v. State*, 132 Tex.

1. Article I, Sections 11 and 13 of the Bill of Rights in the Constitution of the State of Texas; the Eighth Amendment to the Constitution of the United States; see Interpretive Commentary, 1 Vernon's Texas Constitution 297 and 321 ff.

2. "The prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender *rather than turn his securities or those of his bondsman into a penalty*. *Grantham v. State*, 408 S.W.2d 235 (Tex.Cr. App.1966), and cases there cited. (All emphasis is mine unless otherwise indicated.)

3. It is interesting to note that the majority do not now mention the curious opinion rendered in *Blaine v. State*, 494 S.W.2d 916 (Tex.Cr.App. 1973); there after seeing a change in prior law made by the 1965 revised version of Article 17.08, supra—a version that in my judgment completely overlooks the mandate of the first

sentence in *id.* § 5—the *Blaine* court points out negatively that "there is no contention that any of the parties to the bond were misled, or that the principal's failure to appear... was due in any way to any of the provisions in the bond," notes that the principal had made prior appearances in the proper court and comforts itself with further garbling the utterly ambiguous and wholly unsupported statement in *Landrum v. State*, 171 Tex.Cr.R. 106, 345 S.W.2d 752 (1961) that "*[i]n the case at bar, all that is required is that the principal know where and in what court he was to appear* [emphasis in original]." (The *Blaine* opinion, in its purported quote from *Landrum* completely omitted the limiting clause I have underscored and changed "*where*" to "*when*" even though the former was in italics.) Still, the only explanation for such observations and remarks in *Blaine* and *Landrum* is that they too saw § 5, *id.*, as a form of notice to the principal and his sureties in their "benefit."

Cr.R. 415, 104 S.W.2d 850 (1937); *Pharis v. State*, 362 S.W.2d 857, 858[4] (Tex.Cr.App. 1962).

Building on its initial notion, the majority reaches the startling proposition that an omission from a bail bond of a statutorily required part of its facial obligation is somehow "waived," and may not be raised after purported forfeiture. This gratuitous denial of a defense is not at all justified by the four cases cited behind it. Each of them dismisses the failure of a bail bond to show the mailing addresses required by Section 4 of Article 17.08, supra, but that omission is not analogous to a Section 5 requisite that becomes *a part of the obligation of the undertaking.*[5]

Therefore, I agree with that part of the dissenting opinion by Presiding Judge Onion that rejects majority "ruling of first impression," but to the extent of the reasons that I have somewhat restated. However, I must concur in the ultimate result for, as the majority explains, the forfeiture came about in a district court for failure of appellant to appear there as he was obliged to do by the "subsequent proceedings" obligation of his undertaking. See *McConathy v. State*, supra, at 597. The latter part of Section 5 contains this requisite, and the obligation portion of the bail bond set out this condition substantially in *haec verba.* In my view omitting the name of the Justice of the Peace and his precinct and place numbers did not render the bail bond void in its entirety, and for all we know appellant made every appearance demanded of him, if any there were, in a Justice of the Peace Court. Had the bail bond been forfeited by a Justice of the Peace, of course, an entirely different question would be

presented, but it is not before us in this cause.

Accordingly, dissenting in part I nevertheless concur in the judgment of the Court.

ONION, Presiding Judge, dissenting.

I cannot agree with the majority's disposition of appellants' third ground of error. Appellants argue that the trial court erred in granting summary judgment against them because the bond upon which the forfeiture was predicated was incomplete and therefore not a valid and binding undertaking in law. Appellants argue the bond failed to state the time and place where the principal was to appear or the court or magistrate before whom the principal was to appear, and therefore was not a valid and binding undertaking and was a cause for exoneration. See Article 22.13(1), V.A. C.C.P.

The bond in this case is captioned "IN THE JUSTICE COURT PRECINCT NO. ——, PLACE ——, BEXAR COUNTY, TEXAS." The body of the bond recites that it was "entered into by *RAMON BARRERA BALBOA* who has been arrested on a charge of *AGG. ROBBERY— DEADLY WEAPON,* a felony, by virtue of a warrant issued by —— Justice of the Peace, Precinct No. ——, Bexar County, Texas." The bond states the conditions of performance as follows:

"Now if the said *RAMON BARRERA BALBOA* shall be and personally appear instanter before ——, Justice of the Peace, during the present term of the aforesaid Justice Court, at the Courthouse, in the City of San Antonio, Texas,

4. "We find no merit in appellant's contention that the bail bond was insufficient because the date of appearance is stated 'Instanter' and not 'Instanter after notice' [citing cases]." Manifestly, the *Pharis* court was firm in the view that essential purpose of this aspect of the statute is not to provide "notice" but one obligation of the undertaking to be performed.

5. Indeed, when we trace the three later cases cited by the majority, *Smith, Hodges* and *Hall* back to their common root, *Bowen v. State*, 413 S.W.2d 915 (Tex.Cr.App.1967), it is obvious

that the issue decided was whether existence of a fact issue precluding summary judgment was shown by opposing affidavits, and the finding was that they did not as to exoneration because, contrary to the claimed advice that the principal would be notified at the address written, the bail bond itself did not show any address—as provided by Section 4. Thus, while the requirement was turned against the principal and his sureties, validity of the bond itself was simply not addressed by the Court.

in Justice Precinct No. _____, Place _____, Bexar County, Texas, there to remain in attendance ... until discharged ..., and shall personally appear for any and all subsequent proceedings had relative to the above charges ... before any Court or Courts of the State of Texas in which said subsequent proceedings may be pending ..., then in that case the bond will be null and void, otherwise to remain in full force and effect."

Article 17.01, V.A.C.C.P., provides:

" 'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond."

Article 17.02, V.A.C.C.P., provides in part:

"A 'bail bond' is a written undertaking entered into by the defendant and his sureties *for the appearance of the principal therein before some court or magistrate to answer a criminal accusation ....*" (Emphasis supplied.)

Article 17.08, V.A.C.C.P. (Requisites of a bail bond), provides:

"*A bail bond shall be sufficient if it contain the following requisites*:

"1. That it be made payable to "The State of Texas";

"2. That the defendant and his sureties, if any, bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him;

"3. If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor;

"4. That the bond be signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address;

"5. *That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear.* The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate;

"6. The bond shall also be conditioned that the principal and sureties, if any, will pay all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting the principal in the event he fails to appear before the court or magistrate named in the bond at the time stated therein. The amount of such expense shall be in addition to the principal amount specified in the bond. The failure of any bail bond to contain the conditions specified in this paragraph shall in no manner affect the legality of any such bond, but it is intended that the sheriff or other peace officer shall look to the defendant and his sureties, if any, for expenses incurred by him, and not to the State for any fees earned by him in connection with the rearresting of an accused who has violated the conditions of his bond." (Emphasis supplied.)

"Requisite" is defined as "that which is required or necessary, something indispensable." Webster's New International Dictionary.

It thus appears that Article 17.08, V.A.C.C.P., sets out that which is required and indispensable to a bail bond.

It has long been said that a bail bond is strictly a statutory bond, and to entitle the State to a forfeiture thereon, it must contain all the requisites prescribed by statute. *Turner v. State*, 14 Tex.App. 168 (1883); *Wallen v. State*, 18 Tex.App. 414 (1885); *Douglas v. State*, 26 Tex.App. 248, 9 S.W. 733 (1888); *La Rose v. State*, 29 Tex.App. 215, 15 S.W. 33 (1891); *Turpin v. State*, 86 Tex.Cr.R. 96, 215 S.W. 455 (1919). See also *Sheppard v. Gill*, 58 S.W.2d 168 (Tex.Civ. App.1933), aff'd. 126 Tex. 603, 90 S.W.2d 563. See also 7 Tex.Jur.2d, Rev. Part 2, § 37, p. 644.

In 7 Tex.Jur.2d, Rev. Part 2, § 41, p. 649, it is written:

"A bail bond must state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom the bailee is to appear."

And certainly the older cases made clear that a bail bond must bind the principal to appear before the proper court, failing which condition, the bond is of no force. *Crouch v. State*, 36 Tex. 333 (1872); *State v. Phelps*, 38 Tex. 555 (1873); *Littlefield v. State*, 1 Tex.App. 722 (1877); *Wallen v. State*, supra; *Mackey v. State*, 38 Tex.Cr.R. 24, 40 S.W. 982 (1897), and cases there cited.

The bond in question clearly fails the requirement discussed above and the requisites of Article 17.08, § 5, supra. The bond failed to specify which justice of the peace court the principal bound himself to appear except that it was in "the Courthouse, in the City of San Antonio, Texas." This court can take judicial notice that there are five justice of the peace precincts in Bexar County, and further that none of said courts are in the county courthouse now or at the time the bond was made. See and cf. 23 Tex.Jur.2d, Evidence, § 23, p. 42; *Gish v. State*, 606 S.W.2d 883 (Tex.Cr.App.1980). Cf. also *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973).

The majority makes a ruling of first impression by holding that § 5 of Article 17.08, supra, making it a requisite that the bail state the court or magistrate before whom the principal is to appear is for the benefit of the principal and surety or sureties, if any, and is a "right" that he or they must insist upon being in the bond, or else the "right" is waived, and the principal or surety cannot be heard to complain after the bond had been forfeited.

This assumes that a requisite of a bail bond can be a "right" of a defendant in a criminal prosecution. How many of the requisites of a bail bond under Article 17.08, supra, are "rights" of a defendant and how many are perhaps not that at all and were never intended to be. Who knows? Only the majority can tell.

Perhaps it is time to decide what other requisites of a bail bond are "rights" of a defendant in a criminal prosecution which can be waived if not inserted in the bond by the defendant and his sureties. How about the requisite that the bond be made payable to "The State of Texas"? How about the requisite that it be signed by the principal and his sureties, if any? How about the requisite that the bond state whether the principal is charged with a felony or misdemeanor? See Article 17.08, supra. Were these requisites of a bail bond designed as the rights of a defendant in a criminal prosecution?

And what standard for waiver of a defendant's rights is to be applied if the majority's opinion stands? Certainly the waiver to the right to counsel, the appearance and confrontation and cross-examination of witnesses, etc., must be intelligently, voluntarily and knowingly made. Is there a different standard when the "right" relates to the making of a bail bond, when a requisite of a bail bond is construed as such "right"? It would be difficult to conclude that a different standard should be applicable. If not, however, the majority should formulate the standard that applies.

It is common knowledge that many defendants, young and old, but inexperienced in law enforcement procedures, may appear without legal counsel before the official authorized to approve bond. In many instances he may be accompanied by a surety with no legal knowledge. Neither the principal nor the surety may have any knowledge of the judicial system and may not know from which court the warrant issued, if that be the case. Is it a waiver of his "right" if a defendant under the circumstances fails to fill in the proper blank on the printed form of a bond furnished him by the sheriff or other official as is often the case?

Today's opinion makes it clear to officials who are authorized to approve bail bonds that it would be better practice to approve bonds failing to designate the court or magistrate before whom the principal is to appear. This is not a practice to be encouraged and certainly not one in conformity with Article 17.08, supra.

Today's decision may often leave the defendant without a point of beginning to even trace where he is required to appear. The majority bootstraps their opinion by citing cases that hold that if a principal or his surety omit their addresses as required by Article 17.08, § 4, V.A.C.C.P., such omission will not exonerate them from their obligation whatever the validity of these cases when combined with today's decision it means that where the bond leaves blank the court or magistrate before whom the principal-defendant is to appear and the mailing addresses are omitted, a bail bond may be legally forfeited in some court without the principal-defendant knowing when or where he was to appear all because he did not, perhaps without counsel or legal advice, fill out all the blanks in the bond.

Is there no responsibility on the part of the approving official when an incomplete bond is presented? Is there no waiver on the part of the State? If one requisite of a bail bond as established by the Legislature is not a requisite as decreed by this court, then are any of the other requisites valid?

I dissent.

TEAGUE, J., joins in this dissent.