A–1 METAL PRODUCTS COMPANY, INC., Appellant,

v.

ADVANCE MACHINE & INDUSTRIAL TOOL CORPORATION, INC., Appellee.

No. 9124.

Court of Civil Appeals of Texas, Amarillo.

Aug. 6, 1980.

Rehearing Denied Sept. 24, 1980.

Office of George E. Gilkerson, David A. Hess, Lubbock, for appellant.

E. Warren Goss & Associates, E. Warren Goss, Lubbock, for appellee.

DODSON, Justice.

In this action A–1 Metal Products Company, Inc. is the appellant and Advance Machine & Industrial Tool Corporation, Inc. is the appellee. The appeal is from a summary judgment rendered in favor of the appellee on a sworn account. We affirm.

The litigation between the parties arises from the sale and purchase of certain goods and equipment. The appellee sold and delivered the goods and equipment to the appellant. The appellant refused to pay for the merchandise and instituted suit against the appellee in the 235th District Court of Cooke County, Texas, alleging, *inter alia*, damages for breach of warranties. In the action in Cooke County, the appellee filed its plea of privilege to be sued in Lubbock County, Texas. The 235th District Court sustained the appellee's plea of privilege. Nevertheless, before the 235th District Court sustained its plea of privilege, the appellee instituted this action in the 237th District Court of Lubbock County, Texas. Once the appellant's suit in Cooke County was transferred to Lubbock County, the action was consolidated with the appellee's suit pending in the 237th District Court of Lubbock County.

After the two suits were consolidated for trial in the 237th District Court, the appellee moved for summary judgment on its sworn account. The appellee's motion for summary judgment was supported by an affidavit. After notice and hearing the court sustained the appellee's motion. Subsequently, the court severed appellee's sworn account action from the appellant's action for damages.

On appeal, the appellant brings three points of error. In its first point, the appellant claims "the trial court erred in granting Appellee's motion for partial summary judgment because there existed genuine issues as to fact which should have been submitted to a fact finder, making summary judgment improper." By this point, the appellant claims that affidavits by Jess Atterbury and William J. Miller, officers of the appellant corporation, constitute summary judgment proof that the goods and equipment were defective and not fit for the use for which they were intended. The appellant says the affidavits state defenses to the sworn account and clearly raise a genuine issue as to fact.

Nevertheless, the record before us reveals that the appellant failed to file an "answer" or "response" to the appellee's motion for summary judgment which complies with the requirements of rule 166–A of the Texas Rules of Civil Procedure. Subsection (c) of 166–A provides in part as follows:

Issues not expressly presented to the trial court by written motion, answer or other

response shall not be considered on appeal as grounds for reversal.

When construing this subsection in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979), our Supreme Court stated:

> The word "written" modifies not only the word "motion," but also the words "answer" and "other response." *The "issues" required by the rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. The term "answer" in the context of the rule refers to an answer to the motion, not an answer generally filed in response to a petition. Feller v. Southwestern Bell Tel. Co.,* 581 S.W.2d 775 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ) (emphasis added).

■ The affidavit by Jess Atterbury is attached to and filed in support of the appellant's First Amended Answer in response to appellee's Original Petition stating its cause of action on the sworn account. The affidavit of William J. Miller is attached to the appellant's "Motion for Continuance, or Alternatively, Motion for Leave to File Amended Answer and Controverting Affidavit." This motion was filed on 9 November 1978, the day on which appellee's motion for summary judgment was heard by the trial court. The affidavit of William J. Miller recites facts in support of appellant's motion for continuance, but fails to recite any facts in opposition to appellee's motion for summary judgment. Moreover, in this connection, the record fails to reveal that such motion was presented to, acted upon or was properly before the court as summary judgment evidence in opposition to appellee's motion for summary judgment. Thus, under the circumstances, we must conclude that affidavits of Jess Atterbury and William J. Miller do not constitute summary judgment proof in opposition to appellee's motion for summary judgment.

■■ Furthermore, we acknowledge the principle stated in *Clear Creek* that: "The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non–movant when the movant's summary judgment proof is legally insufficient." *Id.* at 678. Nevertheless, as further stated in *Clear Creek:*

> While it would be prudent and helpful to the trial court for the non–movant always to file an answer or response, the *non–movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment.* The non–movant, however, may not raise any other issues as grounds for reversal. Under the new rule, the non–movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing (emphasis added).

*Id.* at 678. In this instance, the appellant does not challenge the legal sufficiency of the summary judgment proof in support of the judgment. Accordingly, we overrule the first point of error.

Under the posture of this case, our disposition of the appellant's first point of error is dispositive of the appeal. Nevertheless, we acknowledge that the appellant brings additional points of error and contentions which are properly before us. Accordingly, we have considered these additional points and contentions, and conclude that such matters fail to present reversible error. Thus, we affirm the judgment of the trial court.