Jack SCOTT, Principal, Jas. W. Mehaffy, Jr., and H.S. Garcia, Sureties, Appellants,

v.

The STATE of Texas, Appellee.

No. 67333.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1981.

---

J. Michael Bradford, Beaumont, for appellants.

Ed C. Jones, County Atty., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' MOTION FOR REHEARING

ODOM, Judge.

This is an appeal in a bond forfeiture case. On original submission the appeal was dismissed due to an untimely filing of a cost bond. It now appears we were in error and that the cost bond was timely filed. The motion for rehearing is granted and the appeal is reinstated.

■ Three contentions are raised on appeal, all of which assert the forfeited bond was not a valid and binding undertaking in law. The first two contentions complain of the failure of the bond to state the date and court at which the principal was required to appear, as provided in Art. 17.08(5), V.A.C.C.P. In *Balboa v. State*, 612 S.W.2d 553 (Tex.Cr.App.), addressing this portion of the statute, the court held the requirement that the bond state the court in which the defendant must appear was for the benefit of the principal and the sureties and could be waived by them. Omission of this item from the bond, it was held, could not be the basis for complaint after the forfeiture. As to the failure of the bond to state the place where the principal was required to appear, *Balboa* directs that the contention is without merit. We perceive no reason why the same reasoning should not apply to the other requirement of the same statutory phrase, i. e., the time when appearance was required. We therefore overrule the first two contentions.

■ The remaining contention asserts the bond does not comply with the requirement of Art. 17.08(3), V.A.C.C.P., that the bond recite that the defendant is charged with a misdemeanor or that he is charged with a felony. The bond referred to the offense as "the offense speeding upon complaint filed in said Justice Court," and was a bond after conviction in the justice court for the appeal to county court. The bond sufficiently identified the offense as a misdemeanor. See *Myers v. State*, 486 S.W.2d 564 (Tex.Cr.App.). The contention is overruled.

The motion for rehearing is granted and the judgment is affirmed.

ONION, P. J., dissents.

CLINTON, J., dissents to overruling the first two contentions.