Larry Bruce JONES, Principal, E.M. Gilmore, Jr. & R.J. Hayes, d/b/a Alamo Bail Bonds, Surety, Appellants,

v.

The STATE of Texas, Appellee.

No. 04–82–00264–CV.

Court of Appeals of Texas, San Antonio.

June 27, 1984.

Discretionary Review Refused Nov. 21, 1984.

C. David Evans, San Antonio, for appellants.

Miguel Martinez, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant, by motion for rehearing, argues in its first assignment of error that this Court erred in holding that this cause is an appeal from the trial court's granting a summary judgment and therefore there is no testimony to be considered on appeal as a ground for reversal. Appellant contends that this cause is not an appeal from the granting of a summary judgment, but rather an appeal from a trial on the merits. Appellant requests this Court to grant a rehearing to find this cause is an appeal from a trial on the merits rather than a summary judgment so that the oral testimony on the issue of waiver of bond defects may be considered. On this point appellant is correct. We will now consider the oral testimony on the issue of waiver of bond defects. We therefore grant appellant's motion for rehearing on this point, withdraw the opinion delivered by this Court on December 14, 1983, and issue this opinion in its place.

This is an appeal from a final judgment forfeiting a bail bond in the sum of ten thousand dollars ($10,000.00). The motion for a new trial was overruled whereupon appellant duly gave notice of appeal.

Appellants, as sureties, executed an appearance bond in the amount of ten thousand dollars ($10,000.00) for the release from custody of the principal, Larry Bruce Jones, charged with aggravated robbery with a deadly weapon. The principal failed to appear at the scheduled court hearing on June 1, 1979, and subsequently, on June 11, 1979, the trial court signed and entered a judgment *nisi* forfeiting the bond. The final judgment forfeiting the bond was rendered on March 4, 1982. The principal

remained a fugitive at the time of the hearing on the motion for a new trial.

Appellant advances four points of error challenging the bond forfeiture as follows:

(1) The bond failed to identify a court before whom the principal was to appear;

(2) There was no felony charge pending against the principal in the Justice of Peace Court at the time the bond was executed;

(3) The stated place of appearance in the bail bond was ambiguous, false and misleading; and

(4) There was a material variance between the judgment *nisi,* the final judgment and the evidence, as to which court the principal failed to appear.

■ The appearance bond states in pertinent part, viz:

> The conditions of the above obligation are such that, whereas, the above bond has been entered into by Larry B. Jones who has been arrested on a charge of Agg-Robbery-Deadly Weapon a felony, by virtue of a warrant issued by _____ Justice of the Peace, Precinct No. ___, Bexar County, Texas.
>
> Now if the said Larry B. Jones shall be and personally appear instanter before _____, Justice of the Peace, during the present term of the aforesaid Justice Court, at the Courthouse, in the City of San Antonio, Texas, in Justice Precinct No. ___, Place, ___, Bexar County, Texas, there to remain in attendance from day to day, and term to term, until discharged by order of the Court, to answer the aforesaid accusations against him, and shall personally appear for any and all subsequent proceedings had relative to the above charges before the Grand Jury of said County, and before any Court or Courts of the State of Texas in which said subsequent proceedings may be pending, and not depart said Court without leave; and further conditioned that the principal and sureties will pay all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting the principal in the event the principal fails to appear

> before the Court or Magistrate named in the bond at the time stated therein, as well as before any other Court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, ...

TEX.CODE CRIM.PROC.ANN. art. 17.08 (Vernon 1977) provides in pertinent part:

> A bail bond shall be sufficient if it contain the following requisites:
>
> \*  \*  \*  \*  \*  \*
>
> 2. That the defendant and his sureties, if any, bind themselves that the defendant will appear before the proper court or magistrate to answer the accusations against him;
>
> \*  \*  \*  \*  \*  \*
>
> 5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate;
>
> \*  \*  \*  \*  \*  \*

The provision of the statute that the bond state the court or magistrate before whom the principal is to appear is for the benefit of the principal and surety; they have a right to insist that the provision of the statute be met if they do so at the time the bond is executed and presented for approval. If this right is not insisted upon at that time, it is a right which may be waived and the principal and sureties may not be heard to complain of such an omission for the first time after the bond is forfeited. *Balboa v. State,* 612 S.W.2d 553, 555 (Tex. Crim.App.1981) (En Banc). The Court of Criminal Appeals again addressed this issue in *Scott v. State,* 617 S.W.2d 691, 692 (Tex.Crim.App.1981) (En Banc), and reaffirmed their holding in *Balboa v. State, supra.*

■ In the instant case the bond also did not specify in which Justice of the Peace Court the principal was to appear. The principal was directed to appear at the courthouse "... in the City of San Antonio, Texas, in Justice Precinct No. ____, Place ____, Bexar County, Texas, ..." The record reflects that appellant did object to other bonds over the years or to bonds of that type, but there is no evidence that this bail bond in question was objected to at the time it was executed and presented for approval. Appellant testified and argued that he signed the bond because it was the only way he could get the principal released from custody due to the policy in Bexar County during the time in question. Under *Balboa* and *Scott* this is not sufficient. Thus, we hold that appellants waived their right to have the bond specify the "court" before whom the principal was to appear. The complaint on the omissions on the bond must have been made at the time the bond was executed and presented for approval and not after the bond was forfeited. *Scott v. State, supra* at 692; *Balboa v. State, supra* at 555.

■ Further, in the case at bar the bond was not forfeited in a Justice of the Peace Court. The bond provided that the principal shall "... personally appear for any and all subsequent proceedings had relative to the above charges before ... any Court or Courts of the State of Texas in which said subsequent proceedings may be pending, ..." The bond was forfeited in a district court for the principal's failure to appear and answer the charges against him. This failure to appear in the district court was contrary to the obligation in the bond to personally appear for "any and all subsequent proceedings." *Balboa v. State, supra* at 555. *See also Balboa v. State, supra* at 558. (Clinton, J., dissenting in part/concurring in part). Point of error number one is overruled.

■ The second point challenges the judgment on the allegation that there was no felony charge pending at the time the bond was executed. This contention is without merit particularly when appellant concedes that the charge of aggravated robbery-deadly weapon, a felony offense, was filed with the night magistrate on April 17, 1979. The magistrate may issue the warrant and the commitment order directing a sheriff to receive and place in jail the person so committed. TEX.CODE CRIM.PROC.ANN. arts. 15.03, 16.20 (Vernon 1977). The second point of error is overruled.

■ Appellant argues in point of error number three that the bond in this cause fails because it is ambiguous, false and misleading as to the place of appearance in violation of TEX.CODE CRIM.PROC.ANN. art. 17.08 (Vernon 1977). This argument is without merit. Appellant does not specify or present argument as to which of the six subdivisions of art. 17.08 the bond violates. Further, the holdings of the *Balboa* and *Scott* cases and our holding on appellant's first point of error is dispositive of this point. Since the principal and sureties in this case waived the right to have "the bond state ... the court or magistrate" before whom the principal was first to appear when the bond was executed and presented for approval, the appellant will not be heard to complain after the bond has been forfeited. *Balboa v. State, supra* at 555. Point of error three is overruled.

■ Appellant contends in point of error number four that there was a material variance between the judgment *nisi*, the final judgment and the evidence, as to which court the principal failed to appear. The record does not indicate a variance because the judgment *nisi* and the final judgment were both rendered by the 144th District Court. *See Balboa v. State, supra* at 556. In *Smith v. State*, 548 S.W.2d 407, 408 (Tex.Crim.App.1977), relied upon by appellant, the judgment *nisi* stated that the principal failed to appear in the *147th District Court* while the final judgment stated that the principal failed to appear in the *167th District Court*. Such variance is not presented in the instant case. Point of error number four is overruled.

We have reviewed all of appellants' points of error and find no reversible error.

The motion for rehearing is granted and the judgment of the trial court is affirmed.

ESQUIVEL, Justice, dissenting.

For the reasons expressed in my original dissent, and more so now that the majority has agreed that this is an appeal from a trial on the merits, I respectfully dissent to the majority's holding.

The majority holds that appellant waived his right to have the bond in question state the court or magistrate before whom the principal was first to appear when the bond was executed and presented for approval, and appellants will not be heard to complain after the bond has been forfeited, citing *Balboa v. State*, 612 S.W.2d 553, 555 (Tex.Crim.App.1981). I cannot agree with the majority's holding. In my opinion the "waiver" in the instant case did not occur as it occurred in *Balboa*. In the instant case, unlike *Balboa*, it is undisputed that under the existing policy in Bexar County at the time the bond in question was executed and presented for approval, any insistence on the part of appellants that the provisions concerning the designation of a particular court or magistrate before whom the principal was first to appear be complied with, was an exercise in futility. In his motion for new trial, the appellant argued that he signed the bond because it was the only way, due to the policy in Bexar County at the time, to get the principal released from jail. He further argued that he had objected to similar bonds in the past. Under the then existing policy, no one was authorized or permitted to designate the particular court or magistrate, such information was not available and the bonds executed at that time were to be left blank regarding that portion of the bond designating the particular court or magistrate. The question of whether appellants objected to the blank spaces in the bond would be academic. The law does not require the performance of a futile act. *Newman v. Coker*, 310 S.W.2d 354, 362 (Tex.Civ.App.—Amarillo 1958, no writ).

I would hold that the bond in question clearly fails to meet the requisites prescribed by TEX.CODE CRIM.PROC.ANN. art. 17.08 (Vernon 1977). It has long been said that a bail bond is strictly a statutory bond, and to enable the State to a forfeiture thereon, it must contain all the requisites prescribed by statute. *Balboa v. State, supra*, at 559 and cases cited therein.

For the above and foregoing reasons, I respectfully dissent.