Carlos M. SERRANO and Edd Blackwood, Appellants,

v.

The STATE of Texas, Appellee.

No. C14–90–498–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1991.

Rehearing Denied Feb. 7, 1991.

G. Pat Monks, Houston, for appellants.

Tom Mccoppin, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

This is a bond forfeiture case. The trial court granted summary judgement in favor of the State and the surety and principal appealed. We affirm.

On June 9, 1986, Edd Blackwood and Dr. C.M. Serrano, M.D., as sureties, executed an appearance bond in the amount of $50,-000.00 on behalf of Dr. Serrano's son, as principal. Carlos M. Serrano had been charged with a felony. Serrano was released from custody but failed to appear when the case was called on the trial court's docket on July 20, 1988. The next day, the trial court declared the forfeiture of the appearance bond and entered a judgment nisi. On February 8, 1990, the State filed a motion for summary judgment. In its motion, the State moved to dismiss Dr. Serrano as a party because it was unable to obtain service on him. On February 26th, 1990, Blackwood filed his response to the State's motion for summary judgment. After a hearing on March 5, 1990, the trial court granted summary judgment for the State and entered a final judgment against Carlos M. Serrano and Edd Blackwood.

In their sole point of error, appellants contend the trial court erred in granting the State's motion for summary judgment because the principal, appellant Carlos M. Serrano, was never given notice that he was required to appear on July 20, 1988. Specifically, appellants point to the fact that the principal never received notice of the change of the trial setting from the agreed date of September 12, 1988 to the earlier date of July 20, 1988.

 In moving for summary judgment in a bond forfeiture case, the State has the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law. *Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Crim.App.1981). The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judgment nisi. *Id.* Once these elements have been established, the defendant must prove that one of them has not been complied with. *Tocher v. State*, 517 S.W.2d 299 (Tex.Crim.App.1975). In a motion for summary judgment on a bond forfeiture, there are only four fact issues: whether the surety executed the bond as a valid and binding undertaking; whether the principal's name was called at the courthouse door; whether the principal failed to appear; and whether the principal had valid reason for not appearing. *Lopez v. State*, 678 S.W.2d 197, 198 (Tex.App.— San Antonio 1984, no writ).

By contending the principal was without notice of the July 20th trial date, appellants contend there was a fact issue as to whether the principal had a valid reason for not appearing. The State attached to its summary judgment motion the appearance bond, judgment nisi, docket sheet and the "filed statement of individual making the call." Only the bond and the judgment nisi appear in the record and both complied in all respects with the statutory requirements. TEX.CODE CRIM.PROC. ANN. art. 17.08, 22.02 (Vernon 1977). A condition of the bond was that the principal was required to personally appear before the 338th District Court "instanter." Such wording of the bond provided the principal with sufficient and proper notice of when he was to appear in the trial court. *Yarbrough v. State,* 703 S.W.2d 645, 647 (Tex. Crim.App.1985), citing, *Euziere v. State,* 648 S.W.2d 700, 702 (Tex.Crim.App.1983). Since the bond itself provided notice, appellants' due process rights were not violated contrary to their assertion.

Furthermore, appellants did not otherwise raise a fact issue regarding the principal's failure to appear as a result of an "uncontrollable circumstance." Article 22.-13 of the Code of Criminal Procedure provides in part:

> The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:
>
> \* \* \* \* \* \*
>
> 3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, *unless such principal appear before final judgment on the bond to answer the accusation against*

*him, or show sufficient cause for not so appearing.*

TEX.CODE CRIM.PROC.ANN. art. 22.13(3) (Vernon 1989). (Emphasis supplied).

Despite having notice and eighteen months to do so, the principal did not appear before entry of the final judgment. TEX.CODE CRIM.PROC.ANN. art. 22.16(c)(2) (Vernon 1989).[1] In fact, the principal did not appear on September 12, 1988, the date on which he alleges he had notice to appear. Moreover, the trial court did not enter the final judgment until almost twenty months after the judgment nisi. Had the principal appeared within eighteen months, the surety could have filed in the trial court a motion to remit the amount of the bond. TEX.CODE CRIM.PROC.ANN. art. 22.16(a) (Vernon 1989).

Additionally, appellants did not present adequate proof showing sufficient cause for the principal's failure to appear for trial. Blackwood attached to his response the September 12th agreed setting as well as his affidavit concluding that notice was not sent to the principal. The trial judge never "signed off" on the agreed setting. Also, Blackwood's affidavit failed to raise a fact issue regarding sufficient cause, absent an appearance by the principal before final judgment or an affidavit by the principal. *Swaim v. State,* 498 S.W.2d 188, 192 (Tex.Crim.App.1973) (opinion on second motion for rehearing). Hence, we find that appellants failed to rebut the essential elements of the State's cause of action and conclude that the State was entitled to judgment as a matter of law.

Accordingly, we overrule appellants' point of error and affirm the judgment of the trial court.

---

1. In *Armadillo Bail Bonds v. State,* 802 S.W.2d 237 (Tex.Crim.App.1990), the Court of Criminal Appeals declared TEX.CODE CRIM.PROC.ANN. art. 22.-16(c)(2) unconstitutional. As an unconstitutional statute, of course, art. 22.16(c)(2) cannot provide the basis for any right of relief. *Jefferson v. State,* 751 S.W.2d 502 (Tex.Crim.App.1988).