**Delma J. MARROQUIN, d/b/a Luckie's Bonding Service, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–96–547–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 21, 1997.

Michael A. "Mickey" Kolpack, Corpus Christi, for appellant.

Walter D. Bryan, Asst. County Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, Delma J. Marroquin of Luckie's Bonding Service, appeals the trial court's order granting summary judgment for the State in a bail bond forfeiture. We affirm.

On November 18, 1995, Luckie's Bonding Service executed an appearance bond for James Slones, Jr. in the amount of $2,500. The document itself was a form bond, consisting of a number of blanks to be filled-in with the details of each new principal and crime. Most of the blanks were filled-in. However, two blanks intended to specify the "precinct" and "place" of the court in which Slones was required to appear were left blank. On February 22, 1996, Slones failed to appear for his arraignment. Approximately one month later, the State obtained a judgment nisi and appellant filed an answer and a request for remittitur, arguing that the bond was invalid and that uncontrollable circumstances prevented Slones' appearance in court. Soon thereafter, the State moved for summary judgment on the basis that no genuine issue of material fact existed. The trial court granted the motion and entered a final judgment against appellant.

In her sole point of error, appellant maintains that the trial court improperly granted summary judgment for the State upon an invalid bond. She contends that the bond did not sufficiently describe the exact time and location the principal was required to appear before the trial court and, therefore, failed to comply with the requirements of TEX. CODE CRIM. PROC. ANN. art. 17.08 § 5 (Vernon 1977). Since the bond was invalid, she reasons, a genuine issue of material fact remained in dispute, and summary judgment was inappropriate.

A bond forfeiture is a criminal action governed by the Texas Rules of Civil Procedure following the entry of a judgment nisi. *Tinker v. State,* 561 S.W.2d 200, 201 (Tex. Crim.App.1978); *Fisher v. State,* 832 S.W.2d 641, 643 (Tex.App.—Corpus Christi 1992, no pet.).

In moving for summary judgment, the State has the burden of establishing as a matter of law that there are no genuine issues of material fact regarding any essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law. *Alvarez v. State,* 861 S.W.2d 878, 880 (Tex.Crim.App.1992); *Fisher,* 832 S.W.2d at 643. The essential elements of a bond forfeiture cause of action are the bond itself and the judgment nisi. *Alvarez,* 861 S.W.2d at 880–81; *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975). The judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is then on the defendant to show otherwise. *Alvarez,* 861 S.W.2d at 881; *Tocher,* 517 S.W.2d at 301. Only four fact

issues arise in a summary judgment proceeding on a bond forfeiture case: 1) a valid bond executed by the surety; 2) the principal's failure to appear in court; 3) whether the principal's name was called at the courthouse door; and 4) that no valid reason exists for the failure of the principal to appear. *Alvarez*, 861 S.W.2d at 881; *Serrano v. State*, 804 S.W.2d 543, 544 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

■ When hearing the summary judgment motion, the trial court must allow every reasonable inference to be indulged in favor of the non-movants and any doubts resolved in their favor. *Alvarez*, 861 S.W.2d at 881 (quoting *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984)). Under this standard, appellant insists that summary judgment was inappropriate as her allegation that the bond did not meet the requirements of article 17.08 § 5 put the material fact of the bond's validity at issue.

■ We reject appellant's argument because she has waived any complaint against the bond's validity. The requirement that the bond state the court in which the defendant must appear and the time when the appearance was to take place is for the benefit of the principal and the sureties. They have a right to insist that the provisions of the statute be met at the time the bond is executed and presented for approval. However, if this right is not asserted at the time of bond execution and approval, it may be waived and the principal and sureties may not be heard to complain of such an omission for the first time after the bond has been forfeited. *Scott v. State*, 617 S.W.2d 691, 692 (Tex.Crim.App.1981); *Balboa v. State*, 612 S.W.2d 553, 555 (Tex.Crim.App.1981); *Jones v. State*, 673 S.W.2d 943, 946 (Tex.App.—San Antonio 1984, pet. ref'd).

Appellant maintains that there is conflicting authority regarding the appropriateness of bond validity inquiries conducted at summary judgment hearings. She contends that the Court of Criminal Appeals in *Alvarez v. State*, 861 S.W.2d 878 (Tex.Crim.App.1992), allowed bond validity to be addressed at a summary judgment proceeding while it rejected such a proposition in *Balboa*, 612 S.W.2d 553. She further argues that *Alvarez* required bond validity to be proven as a fact issue during a summary judgment hearing, and that this fact was not a settled issue.

While it is true that the execution of a valid bond must be proven at a summary judgment proceeding in a bond forfeiture case, again, a judgment nisi satisfies this burden as prima facie proof of compliance. *Alvarez*, 861 S.W.2d at 881. In addition, *Alvarez* is not on point.[1] *Balboa* is more closely aligned factually with this case and, therefore, controls our decision. Appellant waived any complaints about the validity of the bond when she failed to correct the problem when the bond was executed.

Waiver aside, we also reject appellant's argument because the bond does meet the requirements of article 17.08 § 5, which provides:

> A bond shall be sufficient if it contain the following requisites:
>
> 5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate.

The bond executed and approved states:

> The conditions of this bond are (1) the principal and his sureties bind themselves from the date this bond is approved that the principal shall, before indictment, make his or her appearance before the

---

1. In *Alvarez*, the court considered the existence of a different element of a bond forfeiture proceeding than either this case or *Balboa*. *Alvarez* discussed whether a valid excuse for the principal's absence had been proffered. *Balboa* and the case at bar involve the element of a valid underlying bond. The surety in *Alvarez* relies on evidence beyond the bond's shortcomings to advance its arguments; neither appellants in *Balboa* nor here present evidence "outside" the bond itself. Lastly, *Alvarez's* purported validity of the bond examination is merely an inquiry into whether a bond exists to forfeit after it is revoked at a "no bond" hearing. The opinion never evaluates the adequacy of the bond when held under the light of article 17.08 § 5.

Justice of Peace Court, Precinct _____, Place _____, in Cause Number *95–AR–2965–B*, styled The State of Texas Vs. *James Slones* wherein principal is charged with a felony offense to answer said accusation in accordance with all orders and directions of the Court and there remain from day to day and from term to term until discharged by due course of law or until indicted; and (2) the principal and his sureties bind themselves from the date this bond is approved that the principal shall, after the filing of an indictment or information charging him or her with a felony, make his or her appearance (a) before the 105th Judicial District Court of Nueces County, Texas, and (b) before any other Court to which said indictment in accordance with all orders and directions of Court in which said indictment is pending, and there remain from day to day and from term to term until discharged by due course of law; and if the principal appears as required by these conditions then this bond is to be void; but if the defendant fails to appear as required by these conditions, the payment of the amount set out in this bond shall be due forthwith.

The document also has "THE STATE OF TEXAS" and "COUNTY OF NUECES" printed in the upper left-hand corner in type larger than the text of the agreement.

 Certainly, this bond meets the "time" requirement of article 17.08 § 5. It says, "to answer said accusation in accordance with all orders and directions of the Court and there to remain from day to day and from term to term until discharged by due course of law or until indicted[.]" This language is very similar to the "instanter" language of other bonds held to be statutorily adequate with regard to the "time" element. *Yarbrough v. State*, 703 S.W.2d 645, 647 (Tex.Crim.App. 1985); *International Fidelity Ins. Co. v. State*, 495 S.W.2d 240, 241 (Tex.Crim.App. 1973); *Serrano*, 804 S.W.2d at 545.

Furthermore, the bond meets the statutory "location" requirement by specifying the court system. *See Balboa* 612 S.W.2d at 554–55; *Rodriguez v. State*, 673 S.W.2d 635, 639 (Tex.App.—San Antonio 1984, no pet.). Before indictment, the princi-

pal was to appear before the Justice of the Peace Court. Although the precinct number was omitted, the document contains both the case name and number and has Nueces County, Texas listed in several places. Moreover, the bond instructs the principal to appear before the 105th Judicial District Court of Nueces County, Texas after the filing of an information or indictment. This provided enough details about the court's location to satisfy article 17.08 § 5.

Appellant's point of error is overruled.

The judgment of the trial court is Affirmed.