**Artis WATSON and Lela Watson, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00211–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 18, 2000.

Rehearing Overruled Nov. 21, 2000.

Douglas S. Daniel, Law Office of Douglas S. Daniel, San Antonio, for Appellant.

W.C. Kirkendall, Dist. Atty., Frank Follis, Asst. Dist. Atty., Seguin, for Appellee.

Sitting: HARDBERGER, Chief Justice, and RICKHOFF and DUNCAN, Justices.

## OPINION

TOM RICKHOFF, Justice.

This is an appeal from a judgment holding Artis and Lela Watson liable, as sureties, on a bail bond. Because we hold that any error in the execution of the bond was waived, we affirm.

## BACKGROUND

The Watsons executed a bail bond as sureties for their son, William Watson. When William did not appear in court, the court entered a judgment nisi entitling the State to forfeiture of the bond. At the hearing on the bond forfeiture case, the Watsons argued they should be exonerated from liability because the bond was not a valid and binding undertaking in law. The court entered judgment against William, as principal, and the Watsons, as sureties, for $25,000. This appeal by the Watsons ensued.

## ANALYSIS

Bond forfeiture is governed by the Texas Code of Criminal Procedure. *See Alvarez v. State,* 861 S.W.2d 878, 887 (Tex.Crim.App.1993). The essential elements of a bond forfeiture cause of action

are the bond itself and the judicial declaration of the bond's forfeiture, which is the judgment nisi. *See Alvarez*, 861 S.W.2d at 887; *Tocher v. State*, 517 S.W.2d 299, 301 (Tex.Crim.App.1975). The judgment nisi is *prima facie proof* that the statutory requirements have been satisfied and the burden is then on the defendant to show otherwise. *See Alvarez*, 861 S.W.2d at 887; *Tocher*, 517 S.W.2d at 301. The only grounds for exonerating a defendant and his sureties upon forfeiture of a bond are those provided in Code of Criminal Procedure article 22.13. *See Lyles v. State*, 587 S.W.2d 717, 717 (Tex.Crim.App.1979). Article 22.13 provides as follows:

The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

1. That the bond is, for any cause, not a valid and binding undertaking in law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any. If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability. If it be valid and binding as to the principal, but not so as to the sureties, if any, the principal shall not be exonerated, but the sureties, if any, shall be.

2. The death of the principal before the forfeiture was taken.

3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed

sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.

4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

TEX.CODE CRIM.PROC.ANN. art. 22.13 (Vernon 1989).

■ The Watsons argue that the bond they executed is "not a valid and binding undertaking in law" because they are not licensed bail bondsmen or attorneys licensed to practice law in the State of Texas. *See* TEX.OCC.CODE ANN. §§ 1704.151, 1704.163(a) (Vernon 2000) [1] (a person may not act as a bail bond surety unless the person holds a license issued under the Occupation Code or is licensed to practice law in Texas and represents the other person in a criminal case). Therefore, the Watsons conclude, they are exonerated from liability on the bond. The State counters that the bond executed by the Watsons met the requirements of Texas Code of Criminal Procedure articles 17.02 ("Definition of 'bail bond' "), 17.08 ("Requisites of a bail bond"), and 17.13 ("Sufficiency of sureties ascertained"); and these articles do not require a surety to be regulated under the Occupation Code. Therefore, the State concludes, the bond is valid and binding and the Watsons are not exonerated from liability. The State also argues that the Occupation Code does not apply here because the Code defines a bail

1. At the time the Watsons executed the bond, former Texas Revised Civil Statute article 2372 p–3 was in effect. Act of 1975, 63rd Leg ., R.S., ch. 451, sec. 1, 197567 Tex.Gen. Laws 1194, *repealed by* Act of May 24, 1999, 76th Leg., R.S., ch. 388, § 6(a), 1999 Tex. Gen. Laws 2439 (current version at TEX.

OCC.CODE ANN. § 1704.151 (Vernon 2000). The current version contained in the Texas Occupation Code is not substantively different; therefore, we will refer to the appropriate sections of the Occupation Code in this opinion.

bond surety (formerly known as a "bondsman") as "a person who executes a bail bond as a surety or cosurety for another person for compensation." TEX.OCC.CODE ANN. § 1704.001(2) (Vernon 2000). Therefore, the State concludes, the Occupation Code does not apply to individuals (such as the Watsons) who are not in the bail bond business, but may act as surety for a family member or friend. Assuming without deciding that the Watsons' premise is correct—that all bail bond sureties are regulated by the Occupation Code—we do not necessarily agree with their conclusion that a bond, which meets all the requirements of the Code of Criminal Procedure but is executed by an unlicensed surety, is an invalid bond. However, we need not reach this issue because we hold that the error, if any, was waived.

The Court of Criminals Appeals has held that the provisions of article 17.08 are for the benefit of the principal and the surety, who have the right to insist that the provisions of the statute be met if they do so at the time the bond is executed and presented for approval. *See Scott v. State,* 617 S.W.2d 691, 692 (Tex.Crim.App.1981); *Balboa v. State,* 612 S.W.2d 553, 555 (Tex. Crim.App.1981). If this right is not insisted upon at that time, it is a right that can be waived and the principal and surety may not be heard to complain of any omission for the first time on appeal. *See Balboa,* 612 S.W.2d at 555.

Although the above cases are distinguishable because they involve complaints about the contents of the bond, as opposed to a complaint about the surety's ability to execute an otherwise valid bond, the same principle applies here. The Watsons admit they executed the bond to attain peace of mind about the safety of their son and to make him available to assist them in their daily needs. The record before this Court reflects that the Watsons did not object to the bond until after the trial court entered the judgment nisi. The Watsons benefitted from the release of their son on bail, and they should not now

be allowed to complain for the first time on appeal about an alleged defect in the execution of the bond. Accordingly, we hold that the Watsons have presented nothing for review. *See* TEX.R.APP.P. 33.1(a).

We affirm the trial court's judgment.