**G. Rudolph GARZA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–00–219–CV.

Court of Appeals of Texas,
Corpus Christi.

June 14, 2001.

G. Rudolph Garza, Jr., Corpus Christi, for Appellant.

Jim Vollers, Austin, Robert E. Bell, Criminal Dist. Atty., Edna, for the State.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ

This is a bail bond forfeiture case. The surety, G. Rudolph Garza, Jr., appeals the forfeiture by two issues. We affirm.

Garza entered into a bail bond with Graciela Talamante in the amount of $20,000. Talamante failed to appear when her cause was called for trial, and a judgment nisi was entered. Garza filed an answer to the judgment nisi. Thereafter, the trial court held a hearing and rendered a final judgment forfeiting the bond.

In his first issue, Garza contends the trial court erred in entering the judgment nisi and final judgment forfeiting the bond because he was entitled to exoneration from liability on the basis that the bond was invalid. Garza asserts the bond was invalid for its failure to contain a promise by Talamante, the principal, to appear.

Article 22.13 of the code of criminal procedure provides that a surety will be exonerated from liability if "the bond is, for any cause, not a valid and binding undertaking in law." Tex.Code Crim. Proc. Ann. art. 22.13(1) (Vernon 1989). Article 17.08 sets forth the requisites of a bail bond, which include, "[t]hat the defendant and his sureties, if any, bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him[.]" Tex.Code Crim. Proc. Ann. art. 17.08(2) (Vernon Supp. 2001). In this case, the principal and the surety used a form bond, and the portion requiring the principal to make an appearance before the court was left blank.

■ The court of criminal appeals and this Court have held that the provisions of article 17.08 are for the benefit of the principal and the surety, who may demand compliance with the provisions of the statute at the time the bond is executed and presented for approval. *See Balboa v. State,* 612 S.W.2d 553, 555 (Tex.Crim.App. 1981) (requirement that bond state court in which defendant must appear is for benefit of principal and sureties and can be waived); *Marroquin v. State,* 953 S.W.2d 829, 831 (Tex.App.—Corpus Christi 1997,

no pet.) (failure of bond to describe when and where principal was to appear before trial court was waived; principal and surety have right to insist provisions of statute are met at time bond is executed and presented for approval); *see also Watson v. State,* 32 S.W.3d 335, 338 (Tex.App.— San Antonio 2000, pet. ref'd) (complaint that bond was not valid and binding undertaking in law because the sureties were not licensed bondsmen or attorneys was waived when it was not raised at time bond was executed and presented for approval). If this right is not asserted at the time of execution and approval of the bond, "it may be waived and the principal and sureties may not be heard to complain of such an omission for the first time after the bond has been forfeited." *Marroquin,* 953 S.W.2d at 831 (citations omitted). Accordingly, Garza has waived any complaint regarding the bond's failure to comply with article 17.08.

■ Even if Garza had not waived any error by failing to object at the time of execution and approval of the bond, he waived error by not properly objecting to the omission before the trial court. To preserve error for appellate review, a timely, specific objection must be made. *See* Tex.R.App. P. 33.1; *PGP Gas Prods., Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex. 1981). Moreover, the complaint made on appeal must comport with the objection made before the trial court. *Religious of Sacred Heart of Texas v. City of Houston,* 836 S.W.2d 606, 614 (Tex.1992).

■ Here, Garza did not complain during the forfeiture hearing that the bond was invalid because it did not include a promise by the principal to appear before the trial court. In his answer to the judgment nisi, Garza did allege that the bond "is void because there is no showing on its face as to *where or when* an unnamed

principal is to make an appearance."[1] However, this is not the same complaint made on appeal, and thus is not properly before this Court. *See id.* Appellant's first issue is overruled.

■ By his second issue, Garza maintains the trial court erred in rendering final judgment on forfeiture of the bond because there was a fatal variance between the final judgment forfeiting the bond and the judgment nisi. As Garza notes, the final judgment forfeiting the bond states that "[t]he companion criminal case is Cause No. 97–7–5931," while the judgment nisi does not specify the cause number. The judgment nisi, however, does state that the principal failed to appear before the district court of Jackson County to answer "the State of Texas upon a charge by Indictment therein filed accusing her of the offense of Possession of Marijuana."

Fatal variances have been found when there was a variance between the name of the surety on the bond and on the judgment, *Scott v. State,* 649 S.W.2d 354 (Tex. App.—Eastland 1983, no writ), and when the offense named on the bond differed from the offense named in the judgment nisi. *Shropshire v. State,* 433 S.W.2d 898, 900 (Tex.Crim.App.1968).

Here, appellant fails to explain why the omission of the cause number in the judgment nisi amounts to a fatal variance. Unlike the aforementioned cases finding a fatal variance, there is no conflict between the judgment nisi and the final judgment of forfeiture. Rather, the judgment forfeiting the bond contains additional information regarding the underlying criminal cause. We are unable to conclude that such information amounts to a fatal vari-

ance. Appellant's second issue is overruled.

The judgment of the trial court is AFFIRMED.

---

1. In his brief Garza specifies that his "complaint in the appeal herein is not as to the bond's failure to sufficiently describe the exact time and location the principal was required to appear, but, rather, that the bond is irreparably, fundamentally fatally defective and invalid because of its *failure to bind anyone to appear.*"