# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00448-CV

**John Mining d/b/a Fast Action Bail Bonds, Appellant**

**v.**

**Hays County Bail Bond Board, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 297TH JUDICIAL DISTRICT
## NO. 05-0593, HONORABLE JACK ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Mining brings this *pro se* appeal of the district court's order granting the Hays County Bail Bond Board's plea to the jurisdiction. Mining contends that the district court erred by overruling his motion to recuse district judge Jack Robison and asserts that the district court had jurisdiction to hear his claims. Because we hold that the district court erred by dismissing Mining's claims for declaratory and injunctive relief, we remand the case to the district court for further proceedings.

## BACKGROUND

The Hays County Bail Bond Board was formed in 2001 pursuant to section 1704.052 of the occupations code.[1] Because the creation of the Board triggered the application of the

---

[1] Chapter 1704 of the occupations code applies to all counties with a population over 110,000, and all such counties must create a bail bond board. Tex. Occ. Code Ann. § 1704.051

occupations code's licensing requirements, the newly created Board then considered applications for licenses by the various bail bond services operating in Hays County. *See* Tex. Occ. Code. Ann. § 1704.002, .151 (West 2004). Mining owned and operated an established bail bond service at the time and applied for a license. Mining's license was conditionally approved by the Board and he was given 90 days to provide sufficient collateral. *See id*. § 1704.160 (West 2004) (applicant to provide security not later than the 90th day after notice of conditional approval). To satisfy the security requirements of the statute, Mining executed a deed of trust to real property he owned in Hays County to the Board. *See id*. Although Mining executed the deed of trust after the ninety-day statutory deadline, the Board accepted the security and finally approved Mining's license.

Mining continued to do business as a licensed bail bond surety under the name Fast Action Bail Bonds. By January 2005, Mining was acting as surety on over one million dollars of outstanding bonds. In 2004, the owner of another bail bond service filed a declaratory judgment action alleging that the Board had improperly licensed other bail bond sureties. Specifically, the suit contended that the Board had permitted license holders to execute more bail bonds than permitted by statute in relation to the amount of security held by the county. *See id*. §1704.202 (West 2004).[2]

---

(West 2004). A county with a population under 110,000 may create a bail bond board at its discretion. *See id*. § 1704.052 (West 2004). Chapter 1704 applies only to those less populous counties that choose to create a board. *See id*. § 1704.002(2) (West 2004).

[2] The suit challenged the Board's practice of equating "years of prior good service" in Hays County as years licensed for the purposes of the security requirement in section 1704.203 of the occupations code. The code limits the total bond liability that a license holder may carry to a multiple of value of the property held by the Board. *See* Tex. Occ. Code Ann. § 1704.203(f) (West 2004). The multiple depends on the number of years the bail bond surety has held a license. *See*, *e.g.*, *id*. § 1704.203(f)(1) (if licenced less than two years, bond surety may issue bonds totaling up to five times value of property), .203(f)(4) (if licensed for at least six years, may issue bonds totaling up to ten times value of property).

After a hearing, the district court issued a temporary injunction that required Mining and other bail bond sureties to submit additional security to cover their outstanding bond liability. Mining refused to provide additional security and made a request to the Board to withdraw the security he had previously provided; moreover, Mining entered into a contract to sell the property secured by the deed of trust he had given the Board. Mining also submitted a letter surrendering his license to issue bonds under the name Fast Action Bail Bonds.[3] The minutes of a January 21, 2005, Board meeting reflect that the Board accepted Mining's letter surrendering his license and tabled Mining's other requests "for a later date to hear the thoughts and comments of the District Attorney." Mining never obtained a decision by the Board on his request to withdraw his property as security.

In an effort to bolster his pending request to withdraw his security from the Board, Mining asked for declaratory relief that would eliminate all of his bond liability and invalidate the deed of trust held by the Board. Specifically, Mining asked for:

> (1) A declaration that the policy of the Hays County Bail Bond Board of approving permanent license for Bail Bond Surety applicants that take longer than 90 days to execute a Deed of Trust or deposit a minimum of $50,000 with The Board, was and still is without any legal authority. (2) A declaration that the resolution passed by the Board on Nov. 16, 2001 giving Property Bail Bondsman the privilege of multiplying their collateral by ten instead of five, was and still is without any legal authority. (3) A declaration that, bonds written by unlicensed Sureties pursuant to 1704.160 and licensed Sureties without sufficient security pursuant to 1704.203 of the Texas Occupation[s] Code, are "null, void, invalid, unenforceable and of no effect." (4) A Judicial Finding of Fact that the Deed of Trust filed by the Board against Plaintiff's property . . . was "null, void, invalid, unenforceable and of no effect."

---

[3] It appears from Mining's reply brief that he had obtained a new license from the Board to act as a bail bond surety under the name Freedom Won prior to surrendering his first license under the name Fast Action Bail Bonds.

3

In effect, Mining sought to invalidate his own license because he had not provided the Board with security within 90 days of his application, even though he had written bonds totaling a liability of more than one million dollars using his license, earning a commission on each. He further suggested that the deed of trust he provided was invalid and unenforceable because his license itself was invalid. This position ignores the outstanding liability incurred for those bonded individuals who failed to appear in court, the very liability secured by the deed of trust. *See Garza v. State*, 50 S.W.3d 619, 620 (Tex. App.—Corpus Christi 2001, no pet.); *Watson v. State*, 32 S.W.3d 335, 337-38 (Tex. App.—San Antonio 2000, pet. ref'd) (argument that bond invalid because not issued by licensed bail bondsman waived when not raised at time bond was executed and presented).

Mining also asked for damages in the amount of $130,000 plus $260,000 in exemplary damages. He further requested an injunction prohibiting the Board from "accepting bonds from unlicensed Bail Bond Sureties and Sureties without sufficient collateral pursuant to all of the provisions of the Occupation[s] Code 1704." Mining's suit was dismissed by the district court on the Board's plea to the jurisdiction.

## DISCUSSION

**Motion to Recuse**

In his first issue, Mining contends that Judge B.B. Schraub, Presiding Judge of the Third Administrative Judicial Region, erred by overruling his motion to recuse District Judge Jack Robison. At the hearing on his motion to recuse, Mining argued that Judge Robison's impartiality could reasonably be questioned because the success of Mining's lawsuit would result in extra work for Judge Robison. Mining explained that if all of the bonds that had been written by improperly

4

licensed sureties were declared null and void, Judge Robison would have to consider thousands of cases to decide whether to issue arrest warrants. Mining also argued that some of the members of the Board are fellow judges and court personnel who are closely affiliated with Judge Robison.

If a motion to recuse is denied, it may be reviewed on appeal from a final judgment. Tex. R. Civ. P. 18a(f). Here, Mining speculates that Judge Robison's decision in his case could have added to the district court's workload. However, the mere possibility that a district judge's docket may grow is not evidence that the judge "knows" that he has a financial or other interest in the outcome for the purposes of rule 18b. *See* Tex. R. Civ. P. 18b(2)(e). Nor does the fact that another judge and a member of the court staff are parties to the suit in their official capacity as board members, without more, indicate a "personal bias or prejudice" toward the parties. *Id*. 18b(2)(b). Having reviewed the record of the recusal hearing and the hearing on the Board's plea to the jurisdiction, we conclude that the denial of Mining's motion to recuse was not an abuse of discretion. We overrule Mining's first issue.

**Plea to the Jurisdiction**

In his second issue, Mining contends that the district court had subject matter jurisdiction over his claims and erred by granting the Board's plea to the jurisdiction. The district court's findings indicate that Mining's claims for damages were dismissed because the statute contained no "clear and unequivocal waiver of sovereign immunity." Mining's declaratory claims were dismissed because the district court found that the Board has exclusive jurisdiction over Mining's claims and that Mining had failed to exhaust his administrative remedies. The district court

5

dismissed Mining's claims for injunctive relief because Mining failed to name Hays County, an indispensable party to his suit.

### *Sovereign Immunity*

Sovereign immunity, unless waived, protects a governmental entity from lawsuits for damages. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). This comports with the purpose of sovereign immunity to "preserve the legislature's interest in managing state fiscal matters through the appropriations process." Tex. Gov't Code Ann. § 311.034 (West 2005); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003). The Board was created by Hays County pursuant to section 1704.052 of the occupations code. A body created by statute, such as the Board, is a governmental entity entitled to sovereign immunity. *See Thayer v. Houston Mun. Employees Pension Sys.*, 95 S.W.3d 573, 577 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (municipal pension system and board created pursuant to statute are entitled to governmental immunity).

Mining has cited no waiver of sovereign immunity to support his suit for damages at the district court or on appeal, and his claims for damages cannot be considered as part of his declaratory action. The supreme court has held that the declaratory judgment act does not contain an independent waiver of sovereign immunity. *See IT-Davy*, 74 S.W.3d at 855 ("The DJA does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature."). Sovereign immunity is not implicated in lawsuits seeking declaratory relief that do not subject the State to liability because such suits are

6

not considered "suits against the State." *Id*.; *W.D. Haden Co. v. Dogden*, 308 S.W.2d 838, 840 (Tex. 1958). Here, Mining's claims for declaratory and injunctive relief concern allegations that the Board acted outside of its statutory authority. These claims do not subject the state to liability and, therefore, should not be considered suits against the State. *See IT-Davy*, 74 S.W.3d at 855; *Dogden*, 308 S.W.2d at 840. However, Mining's claims for damages unquestionably subject the State to liability. Because there is no waiver of sovereign immunity as to Mining's claims for damages, the district court properly dismissed these claims for lack of subject matter jurisdiction.

### Exclusive Jurisdiction

The Board contends that it has exclusive jurisdiction over the issues raised in Mining's suit and that his failure to exhaust his administrative remedies deprives the court of subject matter jurisdiction. *See In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004). An agency has exclusive jurisdiction where the statute creates a pervasive regulatory scheme indicating that the legislature "intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *Id*. (quoting Humphrey, Comment, Antitrust Jurisdiction and Remedies in an Electric Utility Price Squeeze, 52 U. Chi. L. Rev. 1090, 1107 n.73 (1985)); *Subaru of Am., Inc. v. David McDavid Nissan*, 84 S.W.3d 212, 221 (Tex. 2002).

However, the Board's reliance on exclusive jurisdiction is misplaced. In order for exclusive jurisdiction to apply, the Board must have authority to determine the controversy at issue. *Juliff Gardens, L.L.C. v. Texas Comm'n on Envtl. Quality*, 131 S.W.3d 271, 278 (Tex. App.—Austin 2004, no pet.); *see also Subaru*, 84 S.W.3d at 221 (exclusive jurisdiction where statute gives agency "sole authority to make an initial determination in a dispute"). Here, Mining has not asked the

7

district court to order the Board to return his security. *See* Tex. Occ. Code Ann. § 1704.210 (statute governing the Board's consideration of a request to withdraw security). Rather, his declaratory action asked the court to determine whether the Board acted within its statutory authority in licensing Mining, and if not, what the effect of the Board's unauthorized action would have on the bonds he issued and the deed of trust held by the Board. The doctrine of exclusive jurisdiction does not require a party to first obtain a ruling from an agency on whether that agency's own actions exceeded its statutory authority before filing an action under the declaratory judgment act. *See Houston Mun. Employees Pension Sys. v. Ferrell*, 177 S.W.3d 502, 516 (Tex. App.—Houston [1st Dist.] 2005, pet. filed) (declaratory judgment action seeking interpretation of statute and determination of rights under statute not precluded by exclusive jurisdiction); *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 90 (Tex. App.—Austin 2004, pet. denied) (exclusive jurisdiction did not preclude action seeking declaration that water district acted outside of its statutory authority); *Williams v. Houston Fireman's Relief & Ret. Fund*, 121 S.W.3d 415, 429 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Courts generally do not interfere in an administrative agency's duties and functions, but they will intervene and give declaratory relief when the agency exercises authority beyond its statutorily conferred powers."); *cf Julliff Gardens*, 131 S.W.3d at 279 (exclusive jurisdiction does not apply to challenge to constitutionality of statute governing agency function). Because Mining's request for declaratory relief depends on a construction of the Board's statutory authority, the doctrine of exclusive jurisdiction would not apply to deprive the district court of jurisdiction. *See Ferrell*, 177 S.W.3d at 516; *Bexar Metro.*, 156 S.W.3d at 90; *Williams*, 121 S.W.3d at 429. The district court has

8

jurisdiction to consider Mining's request for declaratory relief. Accordingly, the district court erred by granting the Board's plea to the jurisdiction on the grounds of exclusive jurisdiction.

### *Indispensable Party*

The Board also contends that its plea to the jurisdiction was properly granted because Hays County, an indispensable party, was not named in Mining's declaratory judgment action. The declaratory judgment act requires the joinder of parties who have an interest in the outcome:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (West 1997). Citing a fifty-year-old opinion of the supreme court, the Board argues that Mining's failure to join Hays County to his lawsuit deprived the district court of subject matter jurisdiction. *See Scott v. Graham*, 292 S.W.2d 324, 327 (Tex. 1956) ("Petitioner having failed to name the county a party, his suit is subject to dismissal at any time."). However, the supreme court has more recently held that subject matter jurisdiction is rarely implicated by the failure to join a party required under section 37.006(a) of the declaratory judgment act or rule of civil procedure 39. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004) (question is not "whether jurisdiction is lacking" but whether "trial court should have refused" to enter judgment); *Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974) ("Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."). Although Hays County clearly has a substantial interest in the outcome

9

of Mining's dispute with the Board, its absence does not preclude the district court from rendering complete relief between Mining and the Board. *See Brooks*, 141 S.W.3d at 162. We hold that Mining's failure to name Hays County as a defendant in his lawsuit is not one of the rare circumstances in which the absence of a party deprives the district court of jurisdiction. *See Brooks*, 141 S.W.3d at 163; *Cooper*, 513 S.W.2d at 204.

The district court erred by finding that the Board's exclusive jurisdiction and Hays County's absence from Mining's suit deprived the district court of subject matter jurisdiction. Accordingly, we sustain in part Mining's second issue.

## CONCLUSION

We affirm the district court's order denying Mining's motion to recuse Judge Robison and its dismissal of Mining's claims for monetary damages. Because the district court erred in granting the Board's plea to the jurisdiction regarding Mining's claims for declaratory and injunctive relief, we reverse that part of the judgment and remand for further proceedings.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: April 14, 2006